## CHASON BROS., Inc. v. INSURANCE CO. OF NORTH AMERICA et al.

United States District Court
S. D. New York.
Feb. 15, 1952.

Samuel E. Harwitz, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, James M. Hughes, Jr., New York City, of counsel, for defendant Ins. Co. of No. America.

WEINFELD, District Judge.

This is a motion by plaintiff to remand an action removed by defendant Insurance Company of North America from the Supreme Court of the State of New York, County of New York.

Plaintiff is a New York corporation. The defendant, Insurance Company of North America, is a Pennsylvania corporation, and the defendant Maritime Service

804

Company is a partnership composed of two citizens of New York.

An action solely between plaintiff and Maritime would be non-removable since both plaintiff and the partners in Maritime are citizens of the same state. If the Insurance Company were the sole defendant, removal would be proper. Since both are joined as defendants, removal was based upon Title 28 U.S.C. § 1441(c), which provides: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The issue is whether the "claim or cause of action" of plaintiff against the Insurance Company is "separate and independent" from that asserted against Maritime.

■ The determination is governed by the allegations of the complaint. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702. The complaint, in form, pleads one cause of action. But the failure to separately state and number does not control, since the question is whether, as a substantive matter, separate and independent causes of action arise from the facts pleaded.

The complaint asserts that plaintiff requested Maritime, an insurance broker, to place $37,000 of insurance to cover all risks of loss or damage to plaintiff's merchandise while in transit to, or in possession of, a prospective purchaser; that Maritime informed plaintiff that the desired insurance had been obtained from the defendant Insurance Company; that plaintiff, in reliance, delivered the goods and subsequently sustained a loss; and that the Insurance Company denied plaintiff's claim upon the ground that the loss was not covered by the insurance obtained. The complaint seeks alternative recovery, further alleging that either the Insurance Company wrongfully refuses to pay upon the policy, or Maritime wrongfully and negligently failed to effect proper insurance, contrary to plaintiff's instructions, and that both are named as defendants since plaintiff is in doubt as to which is liable for the loss. The prayer for relief demands judgment "against the defendants, or such one of them as may be liable for the sum of $37,000 with interest."

The applicable principles are set forth in American Fire & Casualty Co. v. Finn, supra. The purpose in using the concept "separate and independent claim or cause of action" in Title 28 U.S.C. 1441(c), enacted in 1948, was to restrict the right of removal and "somewhat decrease the volume of Federal litigation." [1]

Under its predecessor, Title 28 U.S.C. 71, the criterion was that of a "separable controversy" which was "interpreted as any possible separate suit that a litigant might properly bring in a federal court so long as it was wholly between citizens of different states." American Fire & Casualty Co. v. Finn, supra, 341 U.S. at page 11, 71 S.Ct. 534, 538, 95 L.Ed. 702. As tersely stated by Professor Moore, "the fragment of a cause of action" was formerly sufficient for removal under Section 71. Moore's Commentary on the United States Judicial Code, p. 238.

■ Under the new concept of "separate and independent claim or cause of action" the test is whether there is a "single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions * * *." American Fire & Casualty Co. v. Finn, supra, 341 U.S. at page 14, 71 S.Ct. at page 540, 95 L.Ed. 702. If so, there is no right to removal.

■ The Court believes that the facts of the Finn case are indistinguishable from those here pleaded. In the instant case, it is apparent that the plaintiff suffered but one actionable wrong and is entitled to but one recovery. Baltimore S. S. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. The damages arose out of a single incident. In the Finn case, as here, the "single wrong for which relief [was] sought

1. Reviser's note to Section 1441(c).

[was] the failure to pay compensation for the loss on the property" and plaintiff was "uncertain" which one of the defendants was liable. Recovery was sought against two insurance companies (non-citizens of plaintiff's state) and an individual (a citizen of the same state as plaintiff) who was both the agent for the insurance companies and plaintiff's insurance broker.

First a cause of action was alleged against one insurance company, and then, in the alternative, a separate cause of action against the other. Each was based upon a separate policy issued by each insurance company. The plaintiff alleged, alternatively to both these causes of action, that the individual and the two insurance companies were jointly and severally liable —the companies on the policies and the broker for his negligence in failing to maintain the insurance. It was alleged that he insured the property with one company but never notified plaintiff of its expiration or cancellation, and that he later agreed to obtain other insurance from the second company but failed to deliver the policy. Finally, plaintiff claimed that the individual was responsible for " 'anything that results in the defeat of her recovery on either one of said policies' and that he was 'the direct cause of the condition, of said insurance, and the proximate cause of all of plaintiff's troubles and confusion.' "

The defendant Insurance Company of North America contends that the Finn case is distinguishable since the individual was the agent of the insurance companies. But, as noted, the opinion clearly discloses that he was the plaintiff's broker as well. The further distinction is asserted that the Finn case involved joint liability, whereas the instant case is exactly opposite in that alternative liability is pleaded and thus the liability of one defendant excludes the liability of the other. However, the right to removal does not depend upon whether the liability is joint and several, only several, or alternative. According to Professor Moore, as quoted with apparent favor by the Supreme Court in the Finn case 341 U.S. at page 14, footnote 13, 71 S.Ct. at page 540, 95 J.Ed. 702: " * * * where the plaintiff joins two or more defendants to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of § 1441(c). At most a separable controversy is presented where several or alternative liability is alleged, and is no longer the basis for removal." Moore's Commentary on the United States Judicial Code, pp. 251–252.

The motion to remand is granted.

Settle order on notice.