**Truman L. MURDOCK, Plaintiff,**

**v.**

**SAFETY CASUALTY COMPANY and C. L. Taylor, Jr., Defendants.**

**Civ. A. No. 1408.**

United States District Court
S. D. Texas, Corpus Christi
Division.

Jan. 21, 1956.

4. Cf. also Mitchem v. U. S., 5 Cir., 193 F.2d 55; Hollandsworth v. U. S., 4 Cir., 34 F.2d 423.

Pichinson, Utter & Chase, Corpus Christi, Tex., for plaintiff.

Earl A. Brown, Chas. B. Wallace, Frank C. Bolton, Jr., Dallas, Tex., for defendant Safety Cas. Co.

Ellis L. Clark, Rockport, Tex., for defendant C. L. Taylor, Jr.

ALLRED, District Judge.

This action, originally filed in the 36th Judicial District Court of Aransas County, Texas, in this district and division, was removed to this court by defendant Safety Casualty Company, a Delaware corporation, on the basis of diversity of citizenship and amount in controversy. Plaintiff has moved to remand, claiming that the amount in controversy does not exceed the sum of $3,000, exclusive of interest and costs. The action will be remanded, not because the amount in controversy is not sufficient, but because it is not "a separate and independent claim or cause of action" within the meaning of 28 U.S.C.A. § 1441(c).

Plaintiff, a resident citizen of Texas, sued Safety Casualty Company, a Delaware corporation, and C. L. Taylor, Jr., a resident citizen of Texas, alleging that he was injured in the course of his employment as an employee of Magnolia Petroleum Company, the employees of which were covered by a workmen's compensation policy issued by the Casualty Company; that, as a result of such in- juries, plaintiff suffered total incapacity for 52 weeks and 20% partial incapacity for 300 weeks. Alternatively, plaintiff alleged that if he was not Magnolia's employee, then he was an employee of defendant Taylor and received such injuries in the course of his employment as a result of Taylor's negligence; that Taylor employed three or more persons but did not carry workmen's compensation insurance and, consequently, the common-law defenses [1] were not available to him under the Texas Workmen's Compensation Law.[2] In paragraph 11 of his complaint, setting out the alternative claim against Taylor, plaintiff fixed his damages at (1) $2,920, (which is the exact amount of total incapacity for 52 weeks and 20% partial incapacity for 300 weeks under the Workmen's Compensation Law) and (2) $500 reasonable and necessary hospital and medical expenses.[3] The prayer is that "plaintiff have judgment as alleged aforegoing" and "for such other and further relief, both general and special, at law or in equity, as plaintiff may show himself entitled to receive." Unquestionably, therefore, the amount in controversy, as shown on the face of plaintiff's petition in the state court, exceeds $3,000, exclusive of interest and costs.

But I cannot agree with counsel for the Casualty Company that "no more clear case of a separate and independent claim or cause of action could be demonstrated and * * * joinder of the two actions comes within the terms of Title 28, sec. 1441(c), U.S.C. * * *"[4] Quite the contrary is apparent in view of the construction of that section in American

---

1. Contributory negligence: negligence of a fellow servant and assumed risk.

2. Art. 8306, § 1, Vernon's Tex.Civ.Statutes.

3. This expense item is not expressly alleged as an item of recovery against the Casualty Company but, as stated in its brief: "The Workmen's Compensation law imposes upon the insurance carrier a liability for medical expenses incurred within the statutory period and such items are liabilities in addition to the benefits provided to be payable under the Act."

4. "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702, " * * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

■■ Here there is a single wrong to plaintiff, i. e., his personal injuries suffered as an employee of either (a) Magnolia or (b) Taylor. If the evidence shows plaintiff was an employee of Magnolia, defendant Casualty Company is liable under the Workmen's Compensation Act; if not, then Taylor is liable under the same statute, as a non-subscriber, provided negligence is shown.[5] Alternative relief is prayed for as in the Finn case. There is no distinction, in principle, and little in the facts between this action and Baker v. Texas Employers Ins. Ass'n, D.C.Tex., 109 F.Supp. 93, where the only issue was which insurer —the resident or non-resident—was liable, dependent upon who was found to be the employer. The fact that plaintiff here would have to show the additional fact of negligence in order to recover against Taylor is of no more significance than the fact that in Finn and other cases[6] recovery against one defendant was based upon contract and in tort against another. Separate and independent causes of action, not just a separate and independent *theory*, is required to meet the jurisdictional test.[7]

■ Plaintiff's motion to remand was not based upon this ground but jurisdiction is fundamental and must be noticed by the court. The action will be remanded to the state court of the court's own motion. Counsel for plaintiff will submit a formal order accordingly.

The Clerk will notify counsel.

5. "4. In all such actions against an employer who is not a subscriber, as defined hereafter in this law, it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment." Art. 8306, § 1, subd. 4, Vernon's Tex.Civ.Statutes.

6. Chason Bros. v. Insurance Co. of North America, D.C.N.Y., 102 F.Supp. 803.

7. Knight v. Chrysler Corporation, D.C. N.J., 134 F.Supp. 598.