**Willie C. COVINGTON, Appellant,**

v.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA and B. W. Iley, d/b/a Iley Poultry Plant, Appellees.**

**No. 16786.**

United States Court of Appeals
Fifth Circuit.

Feb. 6, 1958.

Richard E. McDaniel, Center, Tex., for appellant.

J. Austin Barnes, Clyde E. Barnes, Barnes & Barnes, Beaumont, Tex., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

## 932

**HUTCHESON, Chief Judge.**

This is an appeal from a verdict and judgment denying recovery in a Texas workmen's compensation suit. As originally filed by plaintiff in the state court against a single defendant, Indemnity Insurance Company, the suit was in the nature of an appeal from an unsatisfactory award of the Industrial Accident Board. In his original petition, plaintiff alleged: that Iley was his employer at the time he sustained the injuries complained of; that his employer was a subscriber to workmen's compensation insurance; and that the defendant, Indemnity, was his insurance carrier. These allegations were admitted by the insurer in its answer and also in answer to three separate requests made to it for admissions. The petition further alleged: a general injury giving rise to four weeks of total incapacity followed by sixty-five percent partial incapacity of permanent duration; and a right to recover $2,985.-00, an amount too small to give the federal court jurisdiction. Because, however, his prayer was subject to the construction that he was suing for $3,025.00, Indemnity removed the case to the federal court, where, on the ground that the allegations in the body of the petition prevailed over the prayer, the court remanded the case to the state court.

Thereafter, in the state court, appellant filed a first amended original petition seeking to recover of Indemnity an aggregate sum of $10,025.00. In addition and in the alternative to his suit for compensation against Indemnity, plaintiff sued his employer for damages, alleging that he did not have compensation and that he was negligent, and fixing as damages the same sum for which he had sued Indemnity as compensation.

Indemnity then filed its petition for removal in accordance with Sec. 1446, Title 28 U.S.C.A., and particularly under authority of the second paragraph, subdivision (b) thereof.[1] The cause removed and a plea of misjoinder filed by the movant, the defendant, B. W. Iley, was dismissed from the cause as a defendant.

Thereupon appellant filed his motion to remand on the ground that the dismissal was not proper and that Iley was still a party to the suit. The motion to remand was denied, and, the case reached for trial before a jury in the regular course of procedure, there was a verdict and judgment for defendant.

Attacking the judgment not on its merits but on the ground that the court was without jurisdiction to proceed to judgment and should have remanded the cause, plaintiff assigns as grounds: (1) that it was not removable; or (2) if it was, that it was not properly removed. Thus his attack has two prongs. The first, modal and formal, attacks the exercise of jurisdiction for a purely procedural omission. This is that, while in compliance with the removal statute, Title 28, § 1446(a), the movant did file "a verified petition containing a short and plain statement of the facts which entitle him or them to removal", he did not file "a copy of all process, pleadings and orders served upon him or them in such action", in that he did not file with his petition for removal a copy of the plaintiff's first supplemental petition, his first set of requests for admissions, the insurance company's admission thereto, the special exceptions, or the state court's orders thereon. The other, going to the substance of federal jurisdiction, attacks its exercise upon the claim that because the amended original petition, on which the removal was based, named one Iley, plaintiff's employer and a citizen of Texas, as a party to the suit, the requisite diversity and therefore basic federal jurisdiction were lacking.

██ Appellees, in reply to the first ground of attack, invoke the basic law in

---

1. "(b) * * *
"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

removal cases, that removal proceedings are in the nature of process to bring the parties before the Federal Court and that mere modal or procedural defects are not jurisdictional. McKay v. Unita Development Co., 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138. Citing Weeks v. Fid. & Cas. Co., 5 Cir., 218 F.2d 503, and McLeod v. Cities Service, 10 Cir., 233 F.2d 242, holding that even the twenty day period provided for is not jurisdictional, they urge upon us that the claimed omissions from the record on which appellant relies to defeat the removal are, if omissions, merely modal and formal and are completely without effect upon the removal, if the case is in its nature removable.

We agree with appellees that this is so. In Commodores Point Terminal Co. v. Hudnall, D.C., 279 F. 606, the court, saying "Under the law all papers filed and proceedings in this cause in the state court prior to" the removal order "are properly a part of the record coming to this court.", held that if any of them are lacking from the original removal record, they may be later supplied. Cf. Tucker v. Kerner, 7 Cir., 186 F.2d 79 and Nelson v. Peter Kiewit Sons' Co., D.C., 130 F. Supp. 59. If there were any possible doubt about this, a reading of 28 U.S. C.A. § 1447, "Procedure after removal generally", Subd. (b):

> "(b) It may require the petitioner to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court."

would remove it.

In answer to appellant's substantive claim that the joinder of Iley, appellant's employer, deprived the court of jurisdiction and that the district court acted correctly in dismissing Iley from the suit as not a proper party, appellees, setting out Article 8306, Sec. 3 of the Texas Statute,[2] and citing Finn v. American Fire & Cas. Co., 5 Cir., 207 F.2d 113,[3] urge upon us that the action of the district judge in dismissing Iley from the suit was correct and must be affirmed.

If we could agree with appellant's premise that "In the case at bar plaintiff has one cause of action either against the insurance company or against B. W. Iley. He is not sure as to what the courts will ultimately rule with reference to which of the defendants is liable on his one cause of action", we would certainly agree with his conclusion that the cause was not removable and the action of the court in dismissing Iley and thereafter proceeding to judgment in it was error. We think it clear, however, that the premise is false and finds no support in the record or in law.

On the contrary, while we agree with plaintiff that he had only one cause of action, we think it clear that the original petition, which did not make Iley a party, and the first amended original petition, which did, taken together inescapably show that that one cause of action was exclusively for compensation and that his attempted joinder of Iley in the amended petition was on its face "a fraudulent joinder for the purpose of defeating the jurisdiction of the federal court". None of the cases appellant cites except one, Murdock v. Safety Casualty

---

2. "The employés of a subscriber and the parents of minor employés shall have no right of action against their employer or against any agent, servant or employé of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employés shall have no right of action against such subscribing employer or his agent, servant or employé for damages for injuries resulting in death, but such employés and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for." (Emphasis supplied.)

3. Cf. Ex parte Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876; Wilson v. Republic Iron & Steel, 257 U.S., 92, 42 S.Ct. 35, 66 L.Ed. 144; Toadvine v. Cincinnati, N. O. & T. P. Ry. Co., D.C., 20 F.Supp. 226; and Texas & Pac. Ry. Co. v. Bloom, 85 Tex. 279, 20 S.W. 133.

Co., D.C., 138 F.Supp. 145, are even remotely in point.

In that case, the district court on his own motion remanded a removed cause on the ground that, under American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, the joinder in the suit of a tort claim for damages against one C. L. Taylor, Jr., in the same amount as the compensation claim, with a compensation claim against the compensation carrier of Magnolia Petroleum Co., plaintiff's alleged employer, defeated removal.

We need not undertake to determine whether the allegations in that case, that plaintiff was the employee either of Magnolia, which did carry compensation, or of Taylor, who did not, are in law the same as, or different from, those in this case, where it was pleaded that Iley was the employee of plaintiff and Indemnity was Iley's compensation carrier. For we are of the clear opinion that, whatever might be said of the correctness of the decision in the Murdock case under its facts, we are in no doubt that the facts of this case require a contrary decision.

■■ Precisely in point here is what was said in the Toadvine case, note 3, supra, 20 F.Supp. at page 227:

"The rule seems to be clearly established that where the plaintiff brings a suit in a state court against a resident and a nonresident, which presents a matter in controversy exceeding in value the sum of $3000, exclusive of interest and costs, the case is removable by appropriate action on the part of the nonresident defendant if the plaintiff's petition fails to state a cause of action against the resident defendant. The joinder of a resident defendant against whom no cause of action is stated will be regarded as a fraudulent joinder for the purpose of defeating the jurisdiction of the federal court, and such improper joinder will be ineffective to prevent the removal of a case otherwise removable upon the ground of diversity of citizenship as authorized by the provisions of the federal statutes governing the removal of causes. Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430; Leonard v. St. Joseph Lead Co. [8 Cir.], 75 F.2d 390; and Hancock v. Missouri-Kansas-Texas Railroad Co., D.C., 28 F.2d 45."

The action of the district judge in dismissing Iley from the suit and in proceeding to judgment in it was right, and his judgment is affirmed.