**Leo SCHWARTZ, as Liquidating Agent of Empirt Jerome Barn Federal Credit Union, Plaintiff,**

v.

**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN and Credit Union National Association, Defendants.**

United States District Court
S. D. New York.
Feb. 13, 1959.

Flatow, Smith & Herman, New York City, Hyman Herman, New York City, of counsel, for plaintiff.

Hendler & Murray, New York City, Jerome Murray, New York City, of counsel, for defendant Employers Mut. Liability Ins. Co. of Wisconsin.

Carroll Metzner, Charles P. Seibold, Madison, Wis., Sullivan & Cromwell, New York City, for defendant Credit Union Nat. Ass'n, Inc.

WEINFELD, District Judge.

The plaintiff, a New York citizen, as liquidating agent of Empirt Jerome Barn Federal Credit Union, commenced this action in the New York State Supreme Court against two defendants, Employers Mutual Liability Insurance Company of Wisconsin, a Wisconsin corporation, and the Credit Union National Association, a New York corporation. On petition of the defendant insurance company, the Wisconsin corporation, the action was removed to this Court. The plaintiff now moves to remand the action to the State Court.

The action centers about a fidelity bond issued by the defendant insurance company covering employees of the credit union of which plaintiff is the liquidating agent. Three claims are asserted. The first, based upon the fidelity bond, is against the defendant insurance company and alleges that plaintiff credit union sustained $146,429.11 in losses by reason of fraud, dishonesty or lack of faithful performance on the part of its employees, and that despite filing of due proof of loss, the defendant has only paid $75,655.38 and refuses to pay the balance.

The second claim is asserted against both defendants. The allegations of the first claim are repeated. In addition it is further alleged that the defendant credit union is the agent of the codefendant insurance company and, as such, assured plaintiff's credit union that it had sufficient coverage and sufficient excess coverage under the bonds issued; that one of the reasons assigned by the codefendant insurance company for the nonpayment of the balance of the claimed loss, as alleged in the first cause of action, is insufficiency of coverage, and that the codefendant's position in rejecting the claim is contrary to the assurance and representation made by its agent, the codefendant credit union.

The third cause of action is asserted only against the defendant credit union. The allegations of the first and second causes of action are repeated. These include the allegations that the defendant insurance company issued the policy and that the codefendant credit union was its agent. It is further alleged that plaintiff's credit union was affiliated with the defendant credit union; that the latter warranted as part of its services to its affiliate that it would properly advise and supervise with respect to adequate coverage with reference to any fraud, dishonesty or lack of faithful performance of any of its employees; that the defendant credit union represented to plaintiff's credit union that it had sufficient insurance coverage for any such loss; that in view of the refusal of the codefendant insurance company to make payment of the balance of the claim referred to in the first cause of action, it appears the defendant credit union breached its agreement to advise and supervise the placement of sufficient insurance coverage.

■ The removal to this Court may be upheld only if the claim or cause of action asserted against the insurance company is "a separate and independent claim or cause of action" as contemplated by § 1441(c) of Title 28 U.S.C.A. The Supreme Court in construing that section in American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 537, 95 L.Ed. 702, held (1) that an important purpose in its passage was to limit removal of actions from State courts, and (2) that it established a new concept of "separate and independent claim or cause of action" as the test for removability.

In summary, the Court stated: "A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. * * * In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies". 341 U.S. at pages 11–12, 71 S.Ct. at page 538.

The test, as enunciated by the Supreme Court, is whether there is a "single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." 341 U.S. at page 14, 71 S.Ct. at page 540.

■ Realistically, in the instant case there is a single claim—plaintiff's asserted right to the balance of a claimed loss covered by a bond issued by the insurance company, whether recovery is had from that defendant or from its agent, the codefendant, for alleged breach to place sufficient coverage and properly to advise the plaintiff. In effect, plaintiff contends that if the insurance company's rejection of his claim is upheld because of inadequate coverage, then he is entitled to recover from the credit union, the agent of the codefendant upon the second or third alternative claims. As

this Court stated in Chason Bros. v. Insurance Co. of North America, D.C., 102 F.Supp. 803, where a nonresident insurance company which refused to pay upon a policy was joined with codefendants, New York citizens, who were charged with having failed to place the insurance, "* * * it is apparent that the plaintiff suffered but one actionable wrong and is entitled to but one recovery." Id. at page 804.

The defendants on this motion have made reference to facts dehors the complaint, which of course cannot be considered. The motion must be determined upon the allegations of the complaint.

The motion to remand is granted.