Dennis RACE, a minor, by Max D. Davidson, his guardian ad litem; Elsie Race and Howard Race, Plaintiffs,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, a foreign corporation, and Robert C. Connelly, Defendants.

No. 58-C-369.

United States District Court
E. D. Wisconsin.

Feb. 3, 1960.

7. See, Restatement, Trusts Second, § 292(1) and § 304.

N. Paley Phillips, Milwaukee, Wis., for plaintiffs.

Suel O. Arnold, Milwaukee, Wis., Arnold, Philipp & Murray, Milwaukee, Wis., of counsel, for defendants.

GRUBB, District Judge.

This action was started in the Circuit Court for Milwaukee County, Wisconsin. The plaintiffs, Howard and Elsie Race, are husband and wife, and the plaintiff, Dennis Race, is their minor son. The plaintiffs, Elsie and Dennis Race, were involved in an automobile accident with defendant, Robert C. Connelly. The accident occurred on April 17, 1957, in Milwaukee, Wisconsin. All plaintiffs are Wisconsin residents while the defendant, Robert C. Connelly, is a Rhode Island resident, and his insurer and co-defendant, Nationwide Mutual Insurance Company, is an Ohio corporation.

The original complaint asked for the following judgments against the defendants:

| | |
|---|---|
| Howard Race | $ 9,800.00 |
| Elsie Race | 35,000.00 |
| Dennis Race | 35,000.00 |

After the filing of the complaint in the State court, this action was removed to this court by the defendants.

A pretrial conference was held on December 11, 1959, and it was stipulated that the insurer's policy limit was $10,000 on account of liability for injuries to any one person. The plaintiffs moved to amend the prayer for damages in the complaint to $10,000 each for Elsie and Dennis Race. This motion was granted. Plaintiffs also moved to remand the case to the State court, and that is the motion now before this court.

Under the amended complaint, no plaintiff is demanding damages in excess of $10,000 exclusive of interest and costs. The claims against the defendant insurer could never have been properly removed to this court because they do not come up to the jurisdictional requirement. Payne v. State Farm Mutual Automobile Insurance Co., 5th Cir., 1959, 266 F.2d 63. This fact, while not shown on the face of the complaint, was known to the defendants at all times.

The statute which controls this question is § 1441(c), Title 28 U.S.C.A., which provides:

"Whenever a *separate and independent* claim or cause of action, *which would be removable if sued upon alone,* is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." (Emphasis added.)

Howard Race's cause of action against the individual defendant is below the jurisdictional limit. The original demands in the remaining two causes of action—that is, the causes of action of Elsie and Dennis Race—against the individual defendant both exceed the jurisdictional amount.

Standing alone then, the latter two causes of action against the individual defendant contain all the elements necessary to invoke the original jurisdiction of this court. The question remains as to whether either one of these two

causes of action is so separate and independent from the other causes of action so as to justify its removal to this court. If either of these two causes of action can be removed, then the court in its discretion may allow the removal of the entire case.

■ It is the opinion of the court that neither of these two causes of action are separate and independent from their companion causes of action against the insurer, and, hence, they are not removable for the causes of action against the insurer are not removable.

The leading case in this area is American Fire & Cas. Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. In this case suit was brought in a Texas court by a Texas resident to recover for a loss by fire. The complaint named as defendants two foreign insurance companies and the agent of these companies who was also a Texas resident. The single wrong for which relief was sought was the failure to compensate for the fire loss, and the defendants were joined because of uncertainty as to who was liable. One of the defendant nonresident insurance companies removed the case to the Federal Court on the ground that the plaintiff's cause of action against it was separate and independent from the plaintiff's cause of action against the resident agent and, hence, removable under § 1441(c). On this point the Supreme Court ruled, 341 U.S. at page 16, 71 S.Ct. at page 541:

"The past history of removal of 'separable' controversies, the effort of Congress to create a surer test, and the intention of Congress to restrict the right of removal leads us to the conclusion that separate and independent causes of action are not stated. The facts in each portion of the complaint involve Reiss, the damage comes from a single incident. The allegations in which Reiss is a defendant involve substantially the same facts and transactions as do the allegations in the first portion of the complaint against the foreign insurance companies. It cannot be said that there are separate and independent claims for relief as § 1441(c) requires. Therefore, we conclude there was no right to removal."

Section 1441(c) was enacted in 1948. Prior to this time a "separable controversy" was sufficient for removal. The phrase "separable controversy" was the subject of much litigation, and Congress intended to clarify the situation by the enactment of § 1441(c). In this regard the court stated in its opinion in the American Fire & Cas. Co. case, supra, 341 U.S. at pages 10–13, 71 S.Ct. at page 538:

"The Congress, in the revision, carried out its purpose to abridge the right of removal. Under the former provision, 28 U.S.C. (1946 ed.) § 71, separable controversies authorized removal of the suit. * * * In § 71 the removable 'controversy' was interpreted as *any possible separate suit that a litigant might properly bring in a federal court* so long as it was wholly between citizens of different states. So, before the revision, when a suit in a state court had such a separable federally cognizable controversy, the entire suit might be removed to the federal court.

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. * * * Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable pro-

ceedings and those cognizable only in state courts before allowing removal.

\* \* \* \* \* \*

" \* \* \* Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

"In making this determination we look to the plaintiff's pleading, which controls. Pullman Co. v. Jenkins, 305 U.S. 534, 538.[1] The single wrong for which relief is sought is the failure to pay compensation for the loss on the property. \* \* \* " (Emphasis added.)

■ On the basis of this case, it can be fairly stated that when a plaintiff seeks to recoup a single loss by suing multiple defendants in the *"alternative,"* there are no separate and independent causes of action which would justify removal. By the same token, there are numerous cases which hold that when a plaintiff sues for a single loss against multiple defendants jointly, there can be no removal by a nonresident defendant. This might be termed a case of *"concurrent"* liability.

In the instant case the liability of the defendants cannot properly be termed either "alternative" or "concurrent" but is better described as *"dependent"* or *"derivative."* This does not alter the applicability of the principles of the American Fire & Cas. Co. case to the present fact situation. The element of a single loss to each of the individual plaintiffs is present. Certainly if a single loss plus alternative liability adds up to nonremovability, a single loss plus dependent liability should also add up to nonremovability for alternative liability

is definitely more "separate and independent" than dependent or derivative liability.

In Fair Oaks Transportation Co. v. Central Mfrs.' Mut. I. Co., D.C.1954, 127 F.Supp. 507, the plaintiff, a New York corporation, was suing another New York corporation and an Ohio insurance company for the loss of plaintiff's tractor and trailer which had been parked in a lot operated by the defendant New York corporation. The defendant insurer removed the case, but the District Court ruled that it must be remanded to the State court for the cause of action against the insurer on the policy was not separate and independent from that alleged against the insured. The court in its opinion cited the American Fire & Cas. Co. case and stated at page 508:

" \* \* \* American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. Here only a single injury is alleged by the plaintiff, the loss of his property; and although he seeks to hold each defendant liable for the entire loss on a different basis, he may recover, if at all, only once, to the extent of his loss. Moreover, the crucial facts in the controversy with both defendants are the circumstances of the disappearance of the tractor and trailer from the lot. This case, therefore, falls within the rule of the Finn case, supra, 341 U.S. at page 14, 71 S.Ct. at page 540, that 'where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).' \* \* \* "

Henry Kraft Mercantile Co. v. Hartford Acc. & Ind. Co., D.C.1952, 107 F. Supp. 505, was an action where the insured sued the nonresident insurer to recover $10,000, the face value of a policy insuring the insured against loss of money through dishonest acts of its em-

---

I. 59 S.Ct. 347, 349, 83 L.Ed. 334.

ployees. The plaintiff also joined as a defendant a resident employee and asked for a recovery of $3,875.73 from him on the grounds that the employee had allegedly converted a total of $13,875.73. Resting its decision primarily on the American Fire & Cas. Co. case, the court ruled that these causes of action were not separate and independent, and, hence, the case was not removable. In its opinion the court quoted from Snow v. Powell, 10 Cir., 1951, 189 F.2d 172, 174, as follows:

"The critical words 'separate' and 'independent' are used in the conjunctive and should be given their full significance in order to carry out the intent and purpose of Congress to limit removals and to simplify the determination of removability.

"The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned."

Two other cases which deal with dependent liability situations where the plaintiff has suffered only one loss are Sansom v. New Amsterdam Ins. Co., D. C.1951, 95 F.Supp. 6, and Doran v. Elgin Cooperative Credit Ass'n, D.C.1950, 95 F.Supp. 455. These cases were decided prior to the American Fire & Cas. Co. decision, but both reached the conclusion that separate and independent causes of action were not stated and, hence, the cases were not removable.

The defendants in their brief make the point that the causes of action against the individual defendant and the insurance company must be independent and separate for one sounds in tort and the other in contract. In this regard the Cyclopedia of Federal Procedure, Vol. 2, page 281, states:

"Moreover, a separate and independent claim or cause of action and not just a separate and independent legal theory of liability is necessary in order to meet the jurisdictional test of the statute."

Also in Knight v. Chrysler Corporation, D.C.1955, 134 F.Supp. 598, at page 601, the following is found in the opinion:

"The fact that some of plaintiff's claims are in tort and some in contract does not serve automatically to make them 'separate and independent' where, as here, the ultimate legal objective remains the same. It requires a separate and independent claim, not just a separate and independent theory, to meet the jurisdictional test of § 1441(c).
\* \* \* "

See also Preas v. Phebus, 10 Cir., 1952, 195 F.2d 61; Pate v. Standard Dredging Corp., 5 Cir., 1952, 193 F.2d 498; Snow v. Powell, 10 Cir., 1951, 189 F.2d 172; Mayflower Industries v. Thor Corp., 3 Cir., 1950, 184 F.2d 537; Gray v. New Mexico Military Institute, 10 Cir., 1957, 249 F.2d 28; Schwartz v. Employers Mutual Liability Ins. Co. of Wis., D.C.1959, 170 F.Supp. 194; Murdock v. Safety Casualty Company, D.C.1956, 138 F. Supp. 145; and Board of Education of Marlboro Tp. Monmouth County v. Hartford Fire Ins. Co., D.C.1952, 105 F.Supp. 697.

In addition to the above, there are many decisions where nonresident joint tort-feasors in automobile accident cases are not allowed to remove the action from State to Federal courts.

For the foregoing reasons plaintiffs' motion to remand is hereby granted. Plaintiffs' counsel is directed to prepare a proposed order in conformity herewith, submitting it to defendants' counsel for approval as to form only.