Martin ELDER and Pamela G. Elder

v.

**WAL–MART STORES, INC. and Ben Thompson.**

Civ. A. No. 90–2992.

United States District Court, E.D. Louisiana.

Nov. 27, 1990.

Richard A. Schwartz, Simpson & Schwartz, Amite, La., for plaintiffs.

Frederick Robert Campbell, James M. Garner, McGlinchey, Stafford, Cellini & Lang, New Orleans, La., for defendants.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter comes before the Court on plaintiffs' Motion to Remand this case to the Twenty–First Judicial District Court for the Parish of Tangipahoa, State of Louisiana. The motion, set for hearing on October 24, 1990, was taken under submission on briefs without oral argument and with extensions for the filing of supplemental memoranda. After reviewing the mo-

---

tions, memoranda of counsel, the record and the law, the Court DENIES the motion for the reasons set forth below.

## FACTS

Plaintiffs filed this suit in the state District Court on September 22, 1989 for personal injuries sustained on January 23, 1989 when Martin Elder slipped and fell on leaking motor oil while shopping in the automotive section of the Wal–Mart store in Hammond, Louisiana. Both Wal–Mart Stores, Inc., a foreign corporation authorized to do business in the State of Louisiana, and Ben Thompson, a Louisiana resident and manager of the sporting goods section of this Wal–Mart store in Hammond, were named in the suit when filed. Wal–Mart was served process on October 18, 1989, and Ben Thompson has never been served in the case. Wal–Mart filed its Notice of Removal in this Court on August 17, 1990, claiming it had not learned until July 20, 1990 that the required jurisdictional amount under 28 U.S.C. § 1331 had now been met in this case. While defendant's removal was filed in the federal court on August 17, service upon the plaintiffs and the state court was effected by mail, with the state court noticing the removal and plaintiffs receiving same on August 20, 1990. Plaintiffs served and filed their Motion to Remand by mail on September 20, 1990, with the federal court noticing same on September 21, 1990. The issues before the Court are, first, whether plaintiffs Motion to Remand was timely filed and, if so, whether defendant's removal was untimely or otherwise improvident, and; second, whether Ben Thompson has been fraudulently joined in this suit for purposes of destroying diversity.

## LAW

■ 28 U.S.C. § 1447, as amended effective November 19, 1988, provides that a motion to remand on the basis of alleged defect in the removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a) and, if after removal a plaintiff seeks to add defendants whose joinder following the removal would destroy subject matter jurisdiction, the court may either deny or permit joinder and remand to the state court. 28 U.S.C.A. § 1447(c) and (e) (West Supp. 1990). Without comment upon the credibility of defendant's assertion that it was unaware until July 20, 1990, two days after the plaintiff underwent back surgery, that the required jurisdictional amount prescribed by 28 U.S.C. § 1331 had been met in this case, it is clear, even under the most liberal reading of the Federal Rules of Civil Procedure, that plaintiffs' failure to initiate service of the motion to remand within the thirty-day period prescribed by § 1447(c) has waived their objections to the alleged untimely and improvident removal of this case. *See Covington v. Indemnity Insurance Co. of North America, et al.*, 251 F.2d 930 (5th Cir.), *cert. denied*, 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958). Though defendant filed the notice of removal in federal court on August 17, with service by mail to the state court and the plaintiffs, the removal was not perfected until August 20, when received and entered into the state court record. 28 U.S.C. § 1446(d). In the procedure for remand of a case, § 1447(c) does not require that the remand be *filed* in the federal court within thirty days, but it specifically requires that the movant *move* to remand within thirty days. Plaintiffs served their motion to remand by mail to all concerned on September 20, 1990, the *thirty-first day* after August 20, 1990, and therefore the issue of a timely or improvident removal has been waived and the Court need only look further to the issue of fraudulent joinder in this case.[1]

---

1. Fed.Rules Civ.Proc. Rule 6 provides in pertinent part:
   **RULE 6.   TIME**
   (a) **Computation.** In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of the court, or by any applicable statute, the day

   of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or ...
   (e) **Additional Time After Service By Mail.** Whenever a party has the right or is required to

■ The Fifth Circuit treats fraudulent joinder claims as capable of summary determination. The district court may look to the facts as established by summary judgment evidence as well as the controlling state law. After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.1990).

The leading Louisiana case on employee liability is *Canter v. Koehring Company*, 283 So.2d 716, *reh. den.* (La.1973), which held

> personal liability cannot be imposed on the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility *unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.*

*Id.* at 721 (emphasis added).

The *Canter* ruling has been further defined as a four-part test in determining if an employee owes an independent, personal duty to a customer:

(1) the employer must owe a duty of care to the customer;

(2) this duty must be delegated by the employer to the particular employee;

(3) the employee must breach this duty through his own personal fault; and

(4) personal liability cannot be imposed on the employee simply because of his general administrative responsibil-

ity for performance of some function of the employment; he must have a personal duty to the plaintiff that was not properly delegated to another employee.

*Miller v. Upjohn Co.*, 465 So.2d 42, 47 (La.App. 1st Cir.), *writ denied*, 467 So.2d 533 (La.1985), citing *Canter*, supra, at 721.

For an employee such as Thompson, the question is whether Thompson breached an independent, personal duty to the plaintiffs which resulted in their injuries, and thus could be independently subject to suit in this matter.

It is undisputed that Thompson was manager of the sporting goods section, not the automotive section, of this Wal–Mart store and that plaintiff slipped and fell while shopping for motor oil in the automotive section, which section was apparently managed by an individual named John Short. It is also clear from the record that plaintiffs would not have known of Thompson at all had it not been for the fact that Thompson was brought by *other* store employees to plaintiff's assistance in the minutes immediately following plaintiff's fall, and that it was Thompson who thereafter escorted plaintiff to the front of the store. Further, nowhere in plaintiffs' Petition is there any allegation that Thompson breached any duty of any kind, and the fact that plaintiffs have never effected service upon Thompson in this matter is further indication of his fraudulent joinder in this case. Plaintiffs allege only that Martin Elder slipped in a puddle of motor oil and fell on a stack of motor oil cases and then onto the floor while pushing his shopping cart through the Wal–Mart store. Plaintiffs' only basis for imputing liability to Thompson at this time is for his alleged negligence in failing to detect and correct a hazardous condition in the automotive section, unknown to him, through the generalized duty of all Wal–Mart employees to monitor all parts of the store within the "safety sweep" policy of the Wal–Mart

do some act or to take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or

paper is served upon the party by mail, 3 days shall be added to the prescribed period.
Fed.Rules Civ.Proc. Rule 6 (West 1990).

store, a program and duty over which Thompson himself had no management responsibility. This Court, therefore, is compelled to conclude under the applicable law that the defendant has met its burden in proving fraudulent joinder in that plaintiffs' barest allegation of Thompson's alleged negligence is insufficient to state a claim under Louisiana law, and that there is no possibility that plaintiffs could establish a cause of action against Thompson in a state court in this matter. *Laughlin v. Prudential Insurance Co.*, 882 F.2d 187, 190 (5th Cir.1989); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981).

Accordingly, plaintiffs' Motion to Remand this case to the Twenty–First Judicial District for the Parish of Tangipahoa, State of Louisiana, is hereby denied.