[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11741
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00344-JSM-EAJ

CARLTON EUGENE HOOKER, JR.,

Plaintiff - Appellant,

versus

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 9, 2014)

Before WILLIAM PRYOR, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Carlton Hooker, appearing *pro se*, filed an action in state court against the Secretary of the Department of Veterans Affairs, Erik K. Shinseki, alleging that the Secretary violated his privacy rights under Florida law. The Secretary removed the case to federal district court and later successfully moved to dismiss Mr. Hooker's case. On appeal, Mr. Hooker argues that removal was defective because the Secretary failed to supplement the state court removal record with a motion for default judgment that Mr. Hooker filed in state court on the day the case was removed. After review, we affirm.

## I

On September 16, 2013, Mr. Hooker, a former employee of the Bay Pines Department of Veterans Affairs, filed a complaint in state court under Fla Stat. § 817.5681 for breach of security concerning confidential personal information in possession of a third party.  On January 14, 2014, the Secretary was served with a summons and a copy of Mr. Hooker's state court complaint.  The state court clerk filed an entry of default on February 5, 2014.

On February 10, 2014, the Secretary removed the action to the district court pursuant to 28 U.S.C. §§ 1346, 1442(a)(1). The Secretary's notice of removal ("initial notice") was timely filed under 28 U.S.C. § 1446(b). The initial notice attached copies of all state court documents filed as of January 13, 2012.  The Secretary notified the district court that, upon receipt, the Secretary would

2

supplement the initial notice with copies of any outstanding state court documents filed after January 13, 2014. Coincidentally, on February 10, 2014, Mr. Hooker also filed a motion for final default judgment in the state court.

On February 13, 2014, the Secretary filed a notice supplementing the state court removal record ("supplemental notice").  The supplemental notice provided a copy of: (1) a January 14, 2014 affidavit of service of process; (2) the default entered by the state court clerk on February 5, 2014; and (3) the final disposition form filed by Mr. Hooker on February 6, 2014.  Mr. Hooker's motion for final default judgment was not included.

The Secretary also filed a motion requesting that the district court set aside the state court's entry of default, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. The Secretary argued that, for unknown reasons, the Office of General Counsel did not receive Mr. Hooker's state court complaint until 17 days after the initial service date.  Another 10 days passed until the Secretary's regional counsel received notification that the Secretary had been served. The Secretary argued that good cause existed under Rule 55(c) because the delay was neither intentional nor willful. Notwithstanding the absence of bad faith, the Secretary also argued that additional good cause existed under Rule 55(c) because Mr. Hooker previously filed a lawsuit based on identical allegations, which was dismissed after

3

it was removed to federal court.  The district court granted the Secretary's motion to set aside the state court's entry of default.

On February 18, 2014, Mr. Hooker filed a motion to strike the Secretary's notice of removal. Mr. Hooker argued that his case could not be removed because both the initial and supplemental notices failed to provide the district court with a copy of his February 10, 2014, motion for final default judgment. Mr. Hooker then restated the substance of his motion for final default judgment. He also argued that the Secretary had acted in bad faith by failing to sign a waiver of service of process, forcing him to pay to have the Secretary personally served on January 14, 2014.

The district court denied Mr. Hooker's motion to strike. On February 19, 2014, the Secretary filed a motion to dismiss for lack of subject matter jurisdiction. The district court subsequently dismissed Mr. Hooker's action with prejudice based on *res judicata*.[1]

**II**

---

[1] The district court found that Mr. Hooker had raised nearly identical claims in a previous action that was dismissed on the merits. On appeal, Mr. Hooker challenges only whether removal was proper and not the district court's dismissal of his action on *res judicata* grounds. Thus, he has abandoned the latter issue, and we will not address it here. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that although we construe the briefs of *pro se* litigants liberally, issues not briefed on appeal are deemed abandoned).

We review questions regarding subject matter jurisdiction de novo. *Stovall v. City of Cocoa, Fla.*, 117 F. 3d 1238, 1240 (11th Cir. 1997). *See also Henson v. Ciba-Geigy Corp.*, 261 F. 3d 1065, 1068 (11th Cir. 2001).

"A civil action . . . that is commenced in State court and that is against or directed to [the United States or any agency or officer in an official or individual capacity] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1). The statutorily described procedure for filing a notice of removal is as follows:

> A defendant . . . desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action.

*Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (quoting 28 U.S.C. § 1446(a)). "In order to be timely, the notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204-05 (11th Cir. 2008) (citing 28 U.S.C. § 1446(b)). "[T]he time-window in § 1446(b) 'is triggered by simultaneous service of the summons and complaint,

5

or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.'" *Id.* at 1205 (quoting *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)).

"The failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect." *Cook* , 573 F.3d at 1150 (citing *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir.1958)). *See also Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir.1985). "Defendants are not required to file all of the pleadings from the state court proceeding, only those that were served on them." *Cook*, 573 F.3d at 1150. "[R]emoval proceedings are in the nature of process to bring the parties before the Federal Court and . . . mere modal or procedural defects are not jurisdictional . . . . and are completely without effect upon the removal, if the case is in its nature removable." *Covington*, 251 F.2d at 933 (internal citations omitted). Any documents missing from the removal record can be supplied at a later time. *See Usatorres*, 768 F. 2d at 1286-87; *Covington*, 251 F.2d at 933.

Given these principles, removal was not improper, and the district court did not err in denying Mr. Hooker's motion to strike. First, the Secretary's initial notice of removal was timely because the Secretary was served with the summons

and complaint on January 14, 2014. Second, the Secretary was not required to supplement the record with the motion for default final judgment because, as far as the record shows, the Secretary was never served the motion for default final judgment. *See* 28 U.S.C. § 1446(a); *Cook*, 573 F.3d at 1150. In any event, even if the Secretary were required to supplement the record with a copy of this motion, such an error would not have deprived the district court of jurisdiction. *See F.D.I.C. v. N. Savannah Props., LLC*, 686 F.3d 1254, 1257 n.1 (11th Cir. 2012) ("[A]ll papers filed and proceedings . . . in the state court prior to . . . removal . . . are properly a part of the record coming to this court [and] if any of them are lacking from the original removal record, they may be later supplied.") (internal quotation marks and citations omitted).

Because the action was removable under 28 U.S.C. § 1442—as it was a civil action commenced against an officer of the United States—the omission of the motion for default final judgment did not have any effect on whether removal was proper. *See Covington*, 251 F.2d at 933. *See also Usatorres*, 768 F.2d at 1286-87. What is more, any technical error from the omission of the motion for default final judgment was remedied by Mr. Hooker's restatement of its substance in his motion filed on February 18, 2014. Therefore, the district court did not err in denying Mr. Hooker's motion to strike the Secretary's notice of removal.

## III

We affirm the denial of Mr. Hooker's motion to strike and the district court's dismissal of Mr. Hooker's complaint.

**AFFIRMED.**