Rafael **USATORRES** and Lidia Usa-torres, his wife, Plaintiffs-Appellees,

v.

**MARINA MERCANTE NICARAGUENS-ES, S.A. d/b/a Mamenic Line, a foreign corporation, Defendant-Appellant.**

No. 84–5884
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 16, 1985.

Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Allan R. Kelley, Miami, Fla., for defendant-appellant.

Jon W. Burke, Miami, Fla., for plaintiffs-appellees.

Before HILL, KRAVITCH and HATCH-ETT, Circuit Judges.

PER CURIAM:

The question in this appeal is whether a party removing an action to federal court waives defenses raised in a motion filed in the state court if that motion is not included in the removal petition. The district court summarily denied the appellant's motion for dismissal for lack of proper service. After a jury trial and verdict for the plaintiff, the defendant appealed the denial of the motion to dismiss. We hold that the

appellant did not waive the defense; therefore we reverse.

The plaintiff-appellee initially filed this action in Florida state court. The complaint alleged personal injuries due to negligence. Service was by publication ordered by the court. The defendant-appellant filed a motion to dismiss and/or quash service of process in the state court; he thereafter removed the case to the federal district court pursuant to 28 U.S.C. § 1441. The plaintiff filed a motion in opposition to removal, which the district judge treated as a motion to remand the case to the state court. The defendant filed a response to the motion to remand and an answer to the complaint. The answer included the defense of lack of personal jurisdiction due to improper service of process. The district court denied the motion to remand and in the same order referred to defendant's motion to dismiss that had been filed in the state court, ruling that because no copy of that motion had been filed in the district court it would be "deemed denied." Thereafter the defendant filed a new motion to dismiss in the district court. The district court summarily denied this motion, apparently relying on its earlier reasoning that the defense had been waived. The case was then tried to a jury. Judgment was for the plaintiffs in the amount of $275,000. This appeal ensued.

■ The appellees do not argue that there was proper service of process.[1] Rather, their only argument is that the question of personal jurisdiction had been waived.

The effect of the district court's ruling is to create a rule that pending motions are waived upon removal if not attached to the removal petition. Such a rule is supported

neither by authority nor reason and we reverse.

■ The district court first ruled that because a copy of the motion had not been filed in the district court, the motion would be "deemed denied." Neither the district court, nor the appellee in its brief, however, cites any authority in support of this result. The removal statute requires only that the removing party file "copies of all process, pleadings and orders served upon him or them in such action." 28 U.S.C. § 1446(a). Because the motion was not "served upon him," there was no requirement that the defendant file it with the district court.

■ Even if the motion were among the papers the removal statute required to be filed, however, the case law would not support the district court's ruling. In *Covington v. Indemnity Insurance Co.*, 251 F.2d 930 (5th Cir.1958),[2] the court held that removal was proper even though the petitioner did not file all the necessary papers with the district court, arguing that such omissions were merely formal. The court stated that " 'under the law all papers filed and proceedings in this cause in the state court prior to' the removal order 'are properly a part of the record coming to this court' ... if any of them are lacking from the original removal record, they may be later supplied." *Id.* at 933 (quoting *Commodores Point Terminal Co. v. Hudnall*, 279 F. 606). *Covington* recently was followed in *Woodall v. Insurance Co. of North America*, 582 F.Supp. 247 (N.D.Ga.1984). *See also* Wright, Miller & Cooper, Federal Practice and Procedure, § 3737. Certainly, if the failure to file papers *required* by the removal statute may be remedied, logic dictates that the failure to file documents not required by the statute does not constitute a waiver of matters raised in those papers.

---

1. A federal court may consider the sufficiency of process after removal and does so by looking to the state law governing process. Wright, Miller & Cooper, § 3738. The Florida statute sets forth thirteen types of actions in which service may be made by publication. Fla.Stat. Ann. § 49.011 (West Supp.1985). None of the categories involve a personal action for damages. Accordingly, in a negligence action for personal injuries service may not be made by

publication. *Alan Restaurant Corp. v. Walder*, 399 So.2d 1128 (Fla.Dist.Ct.App.1981).

2. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

In this case, the appellant remedied any omission by raising the defense in its answer and by filing a new motion to dismiss in the district court.

In *Covington*, the court further noted that the removal statute provides a mechanism for the district court to obtain papers filed in the state court and not filed with the removal petition; the district court "may require the petitioner to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court." 28 U.S.C. § 1447(b). The existence of this provision contemplates that the district court should have requested the petitioner to file a copy of the motion before adopting the sanction of "deeming" the motion denied.

■ Even if the district court properly found that the state court motion was waived, the defendant would not have waived sufficiency of process by not filing that motion to dismiss with the district court. After removal to district court, the action is governed by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 81(b). The defendant raised its defense of sufficiency of process in its answer to the complaint, its first responsive pleading, which was filed in the district court. This answer, moreover, was filed before the district court deemed the state court motion "denied". Rule 12 provides that a personal jurisdiction defense is waived only if omitted from a Rule 12 motion or from a responsive pleading. The filings concerning the motion to remand were neither responsive pleadings nor Rule 12 motions. Personal jurisdiction was raised in the first responsive pleading and therefore was not waived. The district court should have fully considered the motion to dismiss that the appellant thereafter filed in the district court.

For the reasons discussed above, the district court's order denying the appellant's motion to dismiss is REVERSED. The judgment below is VACATED and the case REMANDED with the instruction that the district court dismiss the complaint.