| ATTORNEY | EXPENSES DUE |
|---|---|
| James Blacksher | $ 0.00 |
| Larry Menefee | 8,036.71 |
| Gregory Stein | 1,188.51 |
| Robert Edington | 0.00 |
| Henry Brewster | 0.00 |
| Wanda Cochran | 0.00 |
| TOTAL | $ 9,225.22 |

It is so ORDERED.

**Beddy G. CURY and Carmen J. Cury, Plaintiffs,**

v.

**ROYAL PALM SAVINGS ASSOCIATION and RPSA–REO, Inc., Defendants.**

No. 89–8158–CIV–JAG.

United States District Court, S.D. Florida, Fort Lauderdale Division.

May 18, 1989.

Thomas Hoadley, West Palm Beach, Fla., for plaintiffs.

Randee Golder, Michale S. Weiner & Associates, P.A., Delray Beach, Fla., for defendants.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the defendants' motion for reconsideration. The plaintiffs have filed an opposing response.

On April 18, 1989, the court dismissed this cause and remanded to the state court because of the defendants' failure to comply with the removal procedures under 28 U.S.C. § 1446(a). This statute requires a defendant desiring to remove a cause to file a notice of removal "together with a copy of all process, pleadings and orders served upon him or them in such action." Here, the defendant failed to file certain motions and orders lodged in the state court. *See* Order of April 18, 1989 at 1.

The defendants have filed the present motion requesting that the court reconsider its ruling in light of the cases of *Usatorres v. Marina Mercante Nicaraguenses, S.A.,* 768 F.2d 1285 (11th Cir.1985) and *Covington v. Indemnity Insurance Company of North America,* 251 F.2d 930 (5th Cir. 1958).

There is an initial issue of whether this motion should even be considered by the court. A motion for reconsideration is only justified when the underlying factual or legal context upon which the court based its ruling is materially changed. Here, the defendants have not asserted that any of the facts assumed by the court are untrue or that the law including the removal procedures has been amended or otherwise changed. Rather, the defendants argue that this court has made an erroneous decision.

When a defendant moves a federal district court to grant a removal petition, the court must make an initial inquiry whether it has subject matter jurisdiction over the cause. In making this determination, the court must consider the present posture of the case including the status of all parties and the action of the state court in disposing of the matter. For example, while not an issue in this case, the state court may have allowed the plaintiffs to join a party subsequent to the filing of the complaint which could negate the diversity of citizenship of the parties.

In granting the petition for removal, the federal court must make this important, initial decision with certainty in accordance with the interest of comity in not unduly interfering with the jurisdiction of the state courts. Moreover, the removal jurisdiction of this court is to be narrowly construed. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

The defendants' reliance on *Usatorres* and *Covington* is misplaced. The relevant provision in this case is 28 U.S.C. § 1446 which concerns the "Procedure for removal" of a case to federal court. The statute relied upon by the defendants, 28 U.S.C. § 1447(b), deals with the federal court's power *after* the case has been properly removed and *after* the court has made an initial, jurisdictional determination.

To accept the defendants' argument that § 1447 governs would cause unreasonable complications in removal cases. The federal court would not have reason to know what the state court had done unless one of the parties raised the issue. This could cause undesirable consequences such as the waste of scarce judicial resources. For instance, it is not inconceivable that the state court may have dismissed the cause and the parties decide to relitigate the matter in federal court in derogation of important policies underlying comity and res judicata. The defendants may argue that the adversary system should be relied upon to highlight any important matters raised and decided by the state court. However, Congress has decided otherwise and placed the burden on the defendant desiring to remove a case to provide a copy of all filings for the federal court's consideration at the initial determination of jurisdiction, rather than after the court has unnecessarily diverted its resources to the disposition of the case.

Having considered the defendants' motion, and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that the defendants' motion for reconsideration is hereby DENIED for a lack of subject matter jurisdiction over the cause. This court's order dated April 18, 1989 is hereby CONFIRMED as the order of dismissal in this cause.

DONE AND ORDERED.