VIACOM, INC., Plaintiff,

v.

**William ZEBE and Mark Perkins, Defendants.**

No. 95–6213–CIV.

United States District Court, S.D. Florida.

March 31, 1995.

Henry Latimer, Eckert Seamans Cherin & Mellott, Fort Lauderdale, FL, for plaintiff.

Christian D. Keedy, Kelley Drye & Warren, Miami, FL, for defendants.

## FINAL ORDER OF REMAND

GONZALEZ, District Judge.

This cause has come before the court upon the Plaintiff's Emergency Motion to Remand Case, and to Require Payment of Costs and Attorneys' Fees. The Motion has been fully briefed.

■ Section 1446(a), Title 28 of the United States Code requires a party seeking removal to file a notice of removal listing all grounds which support the federal court's jurisdiction. The removal procedures are strictly construed because of this Court's limited removal jurisdiction. *See Senter v. Sears, Roebuck & Co.*, 712 F.Supp. 179 (S.D.Fla.1989) (Gonzalez, J.); *Cury v. Royal Palm Savings Ass'n*, 713 F.Supp. 388 (S.D.Fla.1989) (Gonzalez, J.).

■ Plaintiff's complaint seeks to enjoin Defendants, who are now working for a competitor of Plaintiff in the video store market, from violating an employment contract (disclosure of trade secrets, etc.) and seeks unspecified damages for violations that have occurred. The complaint was filed on January 6, 1995 and served on Defendant ZEBE on January 13, 1995 and on Defendant PERKINS on February 7, 1995. When there are multiple defendants, the thirty-day period prescribed by 28 U.S.C. § 1446(b) begins to run upon receipt of the initial pleading by any defendant, provided the case is then removable. *E.g. Faulk v. Superior Industries International, Inc.*, 851 F.Supp. 457 (M.D.Fla.1994). Defendants' Notice of Removal was filed on March 1, 1995. Plaintiff moved for remand based on untimeliness of removal.

■ Defendants argue that the case as stated by Plaintiff's initial complaint was not removable because, although diversity of citizenship was clear, the claims stated did not appear to satisfy the amount-in-controversy requirement for diversity jurisdiction. Defendants argue that the case did not become

removable—and, thus, the thirty-day clock did not begin to run—until, at the earliest, January 31, 1995, the date on which Plaintiff filed a related suit seeking $10 million in punitive damages. "The receipt of the [related case] on January 31, 1995, was the first time defendants knew that plaintiff might be seeking extravagant enough damages to satisfy the federal jurisdictional amount." Defendants' Opposition Memorandum at 9. Thus, Defendants argue, the March 1, 1995 removal was timely.

At issue is whether the case as stated by Plaintiff's complaint was removable. Defendants focus their argument on the fact that the complaint seeks an indeterminate amount of damages for breach of contract claims. Indeed, had the indeterminate damage claims been the only consideration in ascertaining the amount in controversy, the Court might be inclined to agree with Defendants. *See, e.g., Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir.1992) (initial pleading must affirmatively reveal on its face damages in excess of minimum jurisdictional amount). However, Defendants seem to ignore the value of the injunctive relief sought by Plaintiff. Defendants cite the fact that Plaintiff's "injunctive relief claims dominate the complaint" as support for their conclusion that the amount in controversy did not meet the aggregate $100,000 threshold. Defendants seem to equate the "amount in controversy" with the amount of damages sought.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977). "[T]he value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Kheel v. Port of New York Authority*, 457 F.2d 46, 49 (2nd Cir.1972). And, "[a] complaint may reach the jurisdictional amount by including claims for losses that are difficult to quantify, such as competitive losses." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir.1992). Further, these competitive losses need not have already occurred—potential as well as

past damages are appropriate for consideration. *Hulsenbusch v. Davidson Rubber Co.,* 344 F.2d 730, 733 (8th Cir.1965). Thus, claims for injunctive relief must be measured in terms of the potential damages which such relief may prevent. As a result, "[it has not] been overly difficult in the past for federal courts to find the requisite jurisdictional amount in actions brought to enforce covenants not to compete." *Premier Industrial Corp. v. Texas Industrial Fastener Co.,* 450 F.2d 444, 446 (5th Cir.1971).

Irrespective of the dollar value of present "damages" being claimed by Plaintiff, the value of the relief being sought by Plaintiff in its complaint—the "value of the object"—is clearly in excess of the minimum jurisdictional amount. As Defendants argue in support of the proposition that this cause does, in fact, meet the minimum jurisdictional amount, "an average store site grosses over $500,000 per year." Defendants' Opposition Memorandum at 10. This loss of store sites, which Defendants acknowledge will easily satisfy the jurisdictional amount, is exactly the type of harm Plaintiff is seeking to prevent through its request for injunctive relief. Further, this object is apparent from the face of the complaint.

Because this Court concludes that "the case stated by the initial pleading" was removable, Defendant's March 1, 1995 notice of removal is untimely under 28 U.S.C. § 1446(b) and this court lacks subject matter jurisdiction over this cause.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** that Plaintiff's Motion to Remand is **GRANTED**. This cause shall be and hereby is **REMANDED** to the Circuit Court, Broward County, Florida, and **DISMISSED** from this Court's Federal docket. It is further hereby:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Costs and Attorney's Fees is **DENIED**.

**DONE AND ORDERED.**