United States Court of Appeals,

Fifth Circuit.

No. 95-60379

Summary Calendar.

Mary Frances FLORY, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

March 29, 1996.

Appeal from United States District Court for the Southern District of Mississippi.

Before DAVIS, STEWART and PARKER, Circuit Judges.

PER CURIAM:

Flory brought suit against the United States claiming that the negligence of postal workers caused her to fall and injure herself in the lobby of the McComb, Mississippi Post Office. She appeals from the district court's order dismissing her action for lack of personal jurisdiction on the ground of insufficient service of process. She argues that the Government waived the defense of insufficient service. Finding no waiver, hence no reversible error, we AFFIRM.

FACTS

Flory alleges that she was carrying a large cardboard box filled with mail while leaving the post office when she stumbled over a two-wheel dolly loaded with a metal garbage can. As a result of her fall, she alleges that she sustained severe injuries and has had to undergo lumbar disc surgery. Through counsel, she filed a complaint against the United States pursuant to the Federal Tort Claims Act. The Government answered, advancing several defenses including its assertion that service of process would not be complete without service on the Attorney General in accordance with Fed.R.Civ.P. 4(i)(1)(B), and failure to state a claim upon which relief can be granted. Flory never served the Attorney General.

After a case management conference, the United States moved for summary judgment on the ground that its employees had committed no negligent act. The district court denied that motion.

The United States then moved to dismiss for lack of jurisdiction, asserting Flory's failure to serve the Attorney General.

Relying on this Court's decision in *Peters v. United States,* 9 F.3d 344 (5th Cir.1993), the district court granted the motion to dismiss because Fed.R.Civ.P. 4(d) requires service on both the United States Attorney for the appropriate district and service on the Attorney General. "If a plaintiff fails to serve the defendant properly within 120 days of filing the complaint, upon motion of the defendant or *sua sponte* by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service." *Peters,* 9 F.3d at 345, *citing* Fed.R.Civ.P. 4(j) (now Fed.R.Civ.P. 4(m)). The district court found that Flory had made no attempt to establish "good cause" for her failure to properly serve the Attorney General after the expiration of the 120 period allotted by Fed.R.Civ.P. 4(m). The district court further reasoned that the United States had not waived the defense under Fed.R.Civ.P. 12(h)(1) because it pled the failure as a defense at its first opportunity—in its Answer—thus preserving the issue.

DISCUSSION

The purpose of the Rule 12(h)(1) automatic waiver provision is to encourage the consolidation of motions and discourage the dilatory device of making them in a series. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1387 (citation omitted). However, in this instance, the United States plainly pled insufficiency of process at its first opportunity, as required by Fed.R.Civ.P. 12(b). That it subsequently decided to move for summary judgment before arguing insufficient service of process does not necessarily constitute a dilatory device.

When a plaintiff has effected service on either the United States Attorney or the Attorney General of the United States, the court shall allow a reasonable time for service of process for the purpose of curing the failure to serve the other officer or agency. Fed.R.Civ.P. 4(i)(3). By raising the defense of defective service well within the expiration of the 120-day period allowed for service (the answer was served on the 94th day after Flory's complaint was filed), the United States allowed plaintiff Flory time to cure the defect, which she did not do. *See Hegmann v. United States,* 745 F.Supp. 886, 891 (E.D.N.Y.1990). Flory did not make any attempt to show good cause for her

failure to serve the Attorney General.

Flory would have this court make a new rule prohibiting dismissal when the Rule 12(b)(5) defense is asserted timely but the defendant takes other steps in the litigation before moving to dismiss. Flory has cited no authority for such a rule. Moreover, Flory is bringing her claim under the shelter of the Federal Torts Claim Act, which provides an exception to sovereign immunity. Courts are prohibited from expanding or narrowing FTCA's waiver of sovereign immunity beyond that which Congress intended. *United States v. Kubrick,* 444 U.S. 111, 117-18, 100 S.Ct. 352, 356-57, 62 L.Ed.2d 259 (1979); *Houston v. United States Postal Serv.,* 823 F.2d 896, 898 (5th Cir.1987), *cert. denied,* 485 U.S. 1006, 108 S.Ct. 1470, 99 L.Ed.2d 699 (1988).

In the instant case, the Government complied with the Rule 12(b) requirement that it raise its defenses at first opportunity. Prohibiting the Government from asserting a jurisdictional defense after it pursues a dismissal on the merits would limit the Government's litigation options. Such a prohibition would enhance the ability of FTCA plaintiffs to take advantage of the waiver of sovereign immunity. As an enhancement in favor of plaintiffs, such a prohibition would operate as an expansion of the waiver. Courts may not expand the waiver. *Kubrick,* 444 U.S. at 117-18, 100 S.Ct. at 356-57.

Thus, we find that just because the Government chose to pursue a dismissal on the merits prior to pursuing a jurisdictional defense, that does not mean that the Government waived its jurisdictional defense under Rule 12(h)(1). Flory failed to properly serve the Attorney General, failed to correct that error when the Government asserted insufficiency of service as a defense, and failed to show good cause for the defective service. Therefore, the lower court's dismissal for insufficiency of service is AFFIRMED.

Because the dismissal of Flory's complaint is affirmed, Liberty Mutual Insurance Company's motion to intervene, asserting its right to subrogation as a result of its payments of health and welfare and workers' compensation benefits to Flory is DENIED as moot.