496 S.E.2d 179

**Charles E. PLUM and Linda Plum, Plaintiffs Below, Appellants,**

v.

**CAMDEN–CLARK FOUNDATION, INC., d/b/a Camden–Clark Memorial Hospital, Michael Santer, Jr., and M. David Avington, Defendants Below, Appellees.**

**No. 24126.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1997.

Filed Oct. 6, 1997.

Dissenting Opinion of Justice Maynard Dec. 19, 1997.

Rodney T. Berry, Berry, Kessler, Crutch-field & Taylor, Moundsville, for Appellants.

John D. Hoffman, Flaherty, Sensabaugh & Bonasso, Charleston, for Santer and Aving-ton.

Thomas J. Hurney, Jr., Jennifer A. Cain, Jackson & Kelly, Parkersburg, for Camden–Clark.

PER CURIAM: [1]

This is an appeal by Charles E. Plum and Linda Plum, appellants/plaintiffs, from an order of the Circuit Court of Wood County dismissing their complaint for failing to timely effect service of process. The sole issue presented is whether the circuit court committed error in finding the plaintiffs' did not establish good cause in failing to timely effect service of process.

I.

On January 11, 1996 the plaintiffs filed a medical malpractice action against Camden–Clark Foundation, Inc. (d/b/a Camden–Clark Memorial Hospital), Michael Santer, Jr., and

---

**1.** We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

M. David Avington, appellees/defendants. Service of process on the defendants was not made until 181 days after the complaint was filed. The defendants moved to dismiss the complaint on the grounds that they were not served with process within the 180 day requirement of Rule 4(1) of the West Virginia Rules of Civil Procedure. The circuit court granted each of the defendants' motion to dismiss. On appeal the plaintiffs contend they established good cause for serving process one day late.

## II.

The standard of review applicable here is set out in Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). This Court addressed dismissal of a complaint for failure to timely effect service of process in *State ex rel. Charleston Area Medical Center, Inc. v. Kaufman*, 197 W.Va. 282, 475 S.E.2d 374 (1996). In view of *Kaufman's* "good cause" test and the facts developed below in this case,[2] we find it was error for the circuit court to dismiss the plaintiffs' complaint.

Reversed.

MAYNARD, Justice, dissenting:

(Filed Dec. 19, 1997)

The majority buys the appellants' argument that process was served one day out of time because the circuit clerk's office refused to accept a facsimile copy of a previously submitted incomplete Civil Information Sheet when, in fact, the West Virginia Rules of Civil Procedure did not address the issue of facsimile copies at that time. The majority takes note of this fact, but nonetheless, goes on to state the refusal of the circuit clerk's

office to accept the facsimile copy amounts to an amendment of the Rules.

I fail to understand how acceptance of the facsimile copy by the circuit clerk's office would have been any less an amendment to the Rules. As no guidance had as yet been provided, the clerk's office did exactly what it should have done. The Rules did not provide for accepting facsimile copies, therefore, the office acted appropriately and the circuit judge correctly dismissed the complaint. Accordingly, I respectfully dissent.

---

2. Service of process could have occurred within the 180 day period, except for the refusal of the circuit court clerk's office to accept a *properly completed* facsimile copy of a previously submitted incomplete Civil Information Sheet on the 180th day. At the time of this incident the West Virginia Rules of Civil Procedure did not address the issue of facsimiles. Silence by the Rules of Civil Procedure did not give the clerk's office authority to refuse the proffered and *properly completed* facsimile. The action of the clerk's

office in refusing to accept the facsimile amounted to an amendment to the Rules of Civil Procedure. No circuit court clerk's office in the State of West Virginia has authority to amend the Rules of Civil Procedure. It is the exclusive constitutional domain of this Court to amend the Rules of Civil Procedure. We note that this Court adopted by order entered July 10, 1996, effective September 1, 1996, The Rules for Filing and Service by Facsimile Transmission.