David W. RENTZ, Plaintiff,

v.

SWIFT TRANSPORTATION CO., INC., Defendant.

No. 1:96–CV–0003–3(WLS).

United States District Court,
M.D. Georgia,
Albany Division.

Aug. 21, 1998.

Robert M. Margeson, III, Albany, GA, William P. Traylor, III, J. Gusty Yearout, Birmingham, AL, for David W. Rentz, plaintiff.

Stephen S. Goss, Albany, GA, for Swift Transportation Co., Inc., defendant.

### *ORDER*

SANDS, District Judge.

The above-entitled action principally involves Plaintiff's claims for damages arising

from a motor vehicle accident with a truck owned and operated by the Defendant. Presently before the Court, however, is Defendant's Motion for Summary Judgment on the basis that the applicable statute of limitations has run on Plaintiff's claims due to Plaintiff's failure to timely perfect service of process. After careful consideration of the facts and arguments presented by the parties, and for the reasons set forth herein, the Court finds that Defendant has waived its defense of insufficient service of process, and accordingly, holds that Defendant's motion should be denied.

## I SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court is required to "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993) (quotations and citations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law governing the case determines which facts are material, and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). For issues on which the moving party bears the burden of proof at trial, the moving party "must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial." *Fitzpatrick*, 2 F.3d at 1115 (quotations and citations omitted).

If the moving party fails to overcome this initial burden, the Court must deny the motion for summary judgment without considering any evidence, if any, presented by the non-moving party. *Fitzpatrick*, 2 F.3d at 1116. If, on the other hand, the moving party overcomes this initial burden, then the non-moving party "must come forward with evidence sufficient to call into question the inference created by the movant's evidence on the particular material fact." *Id.* Moreover, the adverse party may not respond to the motion for summary judgment by summarily denying the allegations set forth by the moving party. Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).

## II FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Resolving all reasonable doubts about the facts in favor of the non-movant Plaintiff and drawing all justifiable inferences in his favor, the Court finds the relevant, material facts as follows:

1.  On February 20, 1995, Plaintiff David W. Rentz ("Rentz") was involved in a automobile accident with a truck owned by Defendant Swift Transportation Co., Inc., ("Swift") and operated by Defendant's agent. *Compl.* ¶¶ 4–5.

2.  On December 12, 1995, Plaintiff filed the instant action in the Superior Court of Dougherty County, Georgia, to recover damages arising from alleged negligence of Defendant's agent that caused Plaintiff to suffer serious injuries. *Id.* ¶¶ 12–16.

3.  Relying upon information from the Corporations Division of the Secretary of State of Georgia, Plaintiff's counsel believed that Swift was neither a Georgia corporation nor a foreign corporation licensed to do business in Georgia. *Mem. Supp.Pl.'s Resp.*, at 2 (*citing McClendon Aff.*).

4.  Plaintiff's counsel attempted to serve a copy of the complaint on Swift by mail, pursuant to the Georgia Non–Resident Motorist Act, O.C.G.A. § 40–12–1, *et seq.*

*Mem.Supp.Pl.'s Resp.,* at 2; *Def.'s Statement of Facts,* ¶ 3.

5. On January 9, 1996, Defendant removed the case to this Court and filed responsive pleadings, in which it declared:

> There has been improper service of process and this matter should be dismissed.

*Ans.,* Sixth Defense.

> Responding to paragraphs 2 and 3 of the complaint, defendant does show that it is an Arizona corporation with principal place of business in Phoenix, Arizona. However, defendant denies that it is amenable to service pursuant to the Georgia non-resident motorist act and denies proper service at this time. Defendant does show, without waiving its service of process defense, that once proper service is effected this court would have jurisdiction and venue over this claim.

*Ans.,* Eighth Defense.

6. Swift Transportation Co., Inc., is an Arizona corporation with its principal place of business in Phoenix, Arizona. Swift has been registered with the Secretary of State of Georgia to do business in Georgia, and maintained a registered office and registered agent for service of process in Georgia. In addition, Swift has maintained a "trucking terminal and place of business" in Albany, Georgia. *Carlson Aff.* ¶¶ 3–5.

7. At the scheduling and discovery conference, held May 31, 1996, the parties addressed various difficulties pertaining to discovery issues. Neither party addressed the issue of insufficient service of process upon the Defendant, pursuant to Georgia law or the Federal Rules of Civil Procedure.

8. On March 29, 1996, Defendant filed a Motion for Protective Order, pursuant to Rule 26, to prohibit it from responding to more than ten (10) requests for production, as provided under the Local Rules, as well as to guard disclosure of certain propriety information outside of this litigation. Doc. No. 17.

9. The Court takes judicial notice of the fact that the parties filed three joint motions to extend time for discovery in this action. Fed.R.Evid. 201; Doc. Nos. 24, 26, 28. On January 22, 1997, the parties filed a Joint Motion to Extend Discovery Period. In support of their motion, the parties represented to the Court that "they have been cooperating in discovery, exchanged and answered written discovery and have taken [three depositions]." The parties further represented that the discovery period should be extended "from February 28, 1997, through March 31, 1997, so that [additional] depositions can be taken." The parties' joint motion also proposed to extend the deadlines "for adding parties, filing motions for summary judgment and other motions in this matter . . . for a corresponding time beyond the discovery deadline and the Court's prior order." On January 27, 1997, the Court issued an order to extend the discovery period until March 31, 1997, and correspondingly extended the deadlines for filing motions. *Joint Mot. Extend Disc. Period,* Doc. No. 26.

10. The statute of limitations on Plaintiff's personal injury claims was due to expire on February 20, 1997. *Compl.* ¶¶ 4–5; O.C.G.A. § 9–3–33.

11. On February 27, 1997, counsel for Swift declared under oath: "Review of company records reveals no record that the registered agent for [Swift] or any of Swift officers or employees have been personally served with a copy of the complaint and the summons herein." *Id.* ¶ 5.

12. On February 28, 1997, Defendant filed the instant Motion for Summary Judgment, based upon the statute of limitations, flowing from its asserted defense of improper service of process.[1]

---

1. In response to Defendant's motion, Plaintiff filed a "Motion for Plaintiff," seeking various remedies, all of which aim to ensure that service of process upon the Defendant is perfected and Plaintiff's claims survive the statute of limitations. Despite its caption and prayer for relief, Plaintiff's motion is essentially a response to Defendant's motion for summary judgment. Yet by styling his response as a "motion," the parties engaged in a second, parallel round of filing

13. On or about March 5, 1997, Plaintiff filed a bankruptcy petition. By Order entered March 6, 1997, the Court stayed further proceedings until March 24, 1997. On December 1, 1997, the Bankruptcy Court issued a Final Decree, discharging the bankruptcy trustee and closing the bankruptcy case.

## III ANALYSIS

■ Under Georgia law, the statute of limitations for a personal injury action is two years. O.C.G.A. § 9-3-33. A lawsuit is commenced by filing a complaint, followed by service of process within five days of receiving the summons, O.C.G.A. § 9-11-4(c), or within a reasonable time, provided that the plaintiff has exercised reasonable diligence to effect service. Once service of process has been perfected, the date on which the lawsuit is commenced relates back to the original date of filing the complaint. *Franek v. Ray*, 239 Ga. 282, 236 S.E.2d 629 (1977); *Georgia Farm Bureau Mutual Ins. Co. v. Kilgore*, 265 Ga. 836, 462 S.E.2d 713 (1995).

Swift contends that Rentz has failed to perfect service of process after filing the complaint. Under Georgia law, service of process is an integral part of commencing a lawsuit within the applicable statute of limitations. Thus, Swift argues that since Rentz failed to file a complaint and perfect service of process within two years of the date of the accident, his action should be dismissed because it is time-barred.

■ In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed. After removal, the sufficiency of service of process is determined according to federal law. 28 U.S.C. § 1448. Thus, any defects in service may be cured under Rule 4, and the issue of waiver of the defense of insufficient service of process is governed under Rule 8(c) and 12(h) of the Federal Rules of Civil Procedure. *See*, 4A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1082.

### 1. Sufficiency of Service of Process under Georgia Law

■ The Court may consider the sufficiency of service of process after removal by first determining whether the plaintiff had complied with the state law provisions governing service of process during the period in which the action was pending in state court. *See*, *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n. 1 (11th Cir. 1985).

The parties do not contest, and the Court agrees, that Rentz's attempt to serve process on Swift through the Georgia Non-Resident Motorist Act was insufficient. Swift is an Arizona corporation, with its principal place of business in Phoenix, Arizona. Carlson *Aff.* ¶ 3. Swift has maintained a registered agent for service of process in Georgia, and has maintained an office in Albany, Georgia, whose manager is an authorized agent to receive service of process. *Id.* ¶¶ 3, 4. Thus, Swift is amenable to service of process by delivery of the summons and complaint in Georgia, pursuant to O.C.G.A. § 9-11-4(d), and is not amenable to service under the Non-Resident Motorist Act, O.C.G.A. § 40-12-1(a). That statute provides a method for service of process only upon nonresidents who operate a motor vehicle within the state, and limited to actions arising from that same operation of a motor vehicle, and who do not maintain an office or registered agent within the state. *Hirsch v. Shepherd Lumber Corp.*, 194 Ga. 113, 20 S.E.2d 575 (1942).

Plaintiff's counsel has explained that his legal secretary twice contacted the Corporate

response and reply briefs. After Defendant submitted a "Supplemental Response Brief" (Doc. No. 61), each party had filed three briefs.

Despite filing three memoranda and voluminous documents in support thereof, Plaintiff's counsel persisted by filing yet another Response on May 15, 1998 (Doc. No. 63). Furthermore, Plaintiff's counsel has submitted several letters to the Court, all of which reiterate arguments presented either in memoranda or at the hearing.

The Court does not countenance the needless filing of motions, briefs, or supplemental arguments presented through direct correspondence. Consequently, the Court has not considered Plaintiff's Response, filed May 15, 1998, or the arguments presented via correspondence with the Court in resolving the instant motion.

division of the Secretary of State of Georgia to determine whether Swift maintained an agent for service of process in the state. Each time, his legal secretary was informed that Swift was neither registered to do business in the state nor maintained an agent for service of process. Margeson *Suppl. Aff.* ¶ 4; *see also,* Coleman *Aff., Ex. A to Pl's Mot.* Plaintiff's counsel has not presented any other evidence that indicates the extent to which he further inquired into the existence of an office or registered agent for Swift within the state. After Swift removed the case and filed its answer in which it asserted the defense of insufficient service of process, Plaintiff's counsel "rechecked and was satisfied that he had properly served the Secretary of State," and thus concluded that service had been perfected in accordance with the Georgia Non–Resident Motorist Act. Margeson *Suppl. Aff.* ¶ 5. Plaintiff's counsel evidently did not send a written inquiry to the Corporations Division of the Office of the Secretary of State. *See,* Margeson *Aff.* ¶ 1 (explaining that he has "utilized the practice and custom of having [his] secretary telephone the Corporation Division of the Secretary of State's Office"). Finally, Defendant contends, and the record bears out, that Plaintiff's counsel never served a discovery request concerning the basis for its defense of insufficient service of process. *Def.'s Reply Br.* at 2. Resolving all reasonable doubts about the facts and drawing all justifiable inferences in his favor, the Court concludes that Rentz has failed to exercise reasonable diligence to effect service of process during the period in which the case was pending in state court and after removal. Accordingly, the Court holds that Plaintiff's attempt at service of process is insufficient under Georgia law.

### 2. Sufficiency of Service of Process under Federal Law

Notwithstanding his deficient attempt at service of process under state law, Plaintiff may still perfect service after removal, under the provisions of federal law:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. *See also,* Fed.R.Civ.P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.") After removal, therefore, Plaintiff may still perfect service under all of the applicable provisions of the Federal Rules of Civil Procedure.[2]

It is important to bear in mind, at the outset, that service of process upon a defendant is one element of the procedure by which a court establishes jurisdiction over a defendant. As the Supreme Court has explained, "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States,* 517 U.S. 654, 116 S.Ct. 1638, 1648, 134 L.Ed.2d 880 (1996). Since a federal court does not have jurisdiction to enter judgment against a defendant who is not properly before it, the defense of improper service of process may lead to dismissal of the action. Yet if not properly asserted or raised, the defense of improper service of process may be waived under federal law. Fed.R.Civ.P. 12(h)(1); *see also,* 4, 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d §§ 1063, 1353, 1391. As the Court of Appeals for the Eleventh Circuit has explained, "service of process is a jurisdictional requirement," yet unlike subject matter jurisdiction, "a court has no interest in dismissing a case for lack of personal jurisdiction once the parties have

2. Plaintiff urges the Court to extend time for Plaintiff to perfect service under Rule 4(m). Because the Court ultimately holds that Defendant has waived its defense of insufficient service of process, the Court expresses no view concerning whether the time for service should be extended. Nor does the Court express any view concerning whether such an extension of time, if any is due, would be consonant with the Rules Enabling Act. 28 U.S.C. § 2072(b).

consented to the court's jurisdiction." *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir.1990).

In this way, the question presented by Defendant's motion can be framed as follows: Has Defendant preserved its defense of insufficient service of process, thus mandating dismissal, or has Defendant waived its defense, thus precluding dismissal?

■ Defendant raised the defense of insufficient service of process in its answer, declaring, in part: "Defendant does show, without waiving its service of process defense, that once proper service is effected this court would have jurisdiction and venue over this claim." *Ans.*, Eighth Defense. Simply asserting that one does not waive the defense of insufficient service of process does not, however, end the inquiry concerning whether a defendant has waived its defense as a matter of fact. Modern rules of civil procedure governing service of process enable courts to assert personal jurisdiction over a defendant by permitting the plaintiff to bring that defendant to the court, rather than relying on the sheriff to hale the defendant into court. Nevertheless, a plaintiff's failure to fulfill his or her responsibilities under those rules does not absolutely bar the application of the doctrine of waiver to the defense of insufficient service of process. At its core, the defense of insufficient service of process is directed toward the court, rather than toward the plaintiff, as Defendant Swift suggests. *See, Def.'s Mem.Supp.Mot.Summ.J.* at 5 ("Thus, [P]laintiff has not obtained jurisdiction over Swift due to his ineffective and void service of process.") A defendant's conduct vis-á-vis the court, rather than its words alone, governs whether a defendant has waived its defense of insufficient service of process. The proper focus of the inquiry is whether the defendant has sufficient notice of the action pending against it and whether its actions toward the court manifests its consent and submission to the court's jurisdiction.

Defendant relies upon the authority of the decision by the Court of Appeals for the Eleventh Circuit in *Usatorres, supra,* for the proposition that raising the defense of insufficient service of process in the initial answer satisfies the requirements of Rules 8(c) and 12(h)(1) and preserves its defense throughout the subsequent course of the litigation. In that case, the plaintiffs filed their action in state court and service of process was by publication ordered by the court. The defendant filed a motion to dismiss and/or quash service of process, and thereafter removed the case. The plaintiff filed a motion to remand. The defendant responded to the motion and also filed an answer, in which it included a defense of lack of personal jurisdiction due to insufficient service of process. As the court of appeals recounted:

> The district court denied the motion to remand and in the same order referred to the defendant's motion to dismiss that had been filed in the state court, ruling that because no copy of that motion had been filed in the district court it would be "deemed denied." Thereafter, the defendant filed a new motion to dismiss in the district court. The district court summarily denied this motion, apparently relying on its earlier reasoning that the defense had been waived.

768 F.2d at 1286. After the district court entered judgment on a jury verdict in favor of the plaintiff, defendant appealed, and the court of appeals reversed.

The court of appeals observed that the "effect of the district court's ruling is to create a rule that pending motions are waived upon removal if not attached to the removal petition." *Id.* The court explained that the district court could have directed the defendant to file all records of the proceedings in state court or issued a writ of certiorari to the state court, rather than summarily concluding that the defendant's failure to file its motion together with its petition for removal constituted a waiver of its defense of insufficient service of process. *Id.* at 1287. Noting that Rule 12(h)(1) provides that the defense of lack of personal jurisdiction or insufficient service of process is waived if it is omitted from a Rule 12 motion or responsive pleading, the court held that the defendant's filings in connection with the motion to remand were neither. The court further held:

> Personal jurisdiction was raised in the first responsive pleading and therefore was not

waived. The district court should have fully considered the motion to dismiss that the appellant thereafter filed in the district court.

*Id.*[3]

On this aspect of its motion, Defendant Swift has grounded its argument on the position that "a defendant is only required to raise a service of process defense in either its answer or pre-answer motion to dismiss under the explicit language of [Rule 12(h)(1) ]," citing *Usatorres, supra. Def.'s Reply Br.* at 10. The procedural history of *Usatorres* differed from the procedural history of this case in one key respect: Defendant Swift filed the instant motion for summary judgment thirteen months after it removed the case and filed its responsive pleadings—and only after its defense of insufficient service of process also triggered its statute of limitations defense. The defendant in *Usatorres,* by contrast, challenged the court's jurisdiction by motion at the outset of the litigation. In this way, the court's ultimate conclusion in *Usatorres,* namely that "the district court should have fully considered the motion to dismiss that the appellant thereafter filed in the district court," 768 F.2d at 1287, is crucially linked to its holding that the defendant had not waived its defense of lack of personal jurisdiction. Defendant Swift's assertion that the Federal Rules *only* require a defendant to raise a service of process defense in either its answer or pre-answer motion, *Def.'s Reply Br.* at 10 (emphasis added), suggests that a defendant may stake out its objection of lack of personal jurisdiction, and nevertheless *act* as though it was subject to the court's jurisdiction. On the contrary, the

Federal Rules contemplate that challenges to the court's jurisdiction due to insufficient service of process will be timely raised "upon motion" by a defendant or by the court "on its own initiative." Fed.R.Civ.P. 4(m).[4]

Mindful that *Usatorres* remains valid authority in this Circuit, the Court finds the facts and procedural history underlying Defendant's motion closer to those involved in the decision by the Court of Appeals for the Second Circuit in *Datskow v. Teledyne, Inc.,* 899 F.2d 1298 (2nd Cir.1990), *cert. denied* 498 U.S. 854, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990). The plaintiffs filed a complaint in district court, invoking the court's diversity jurisdiction, against an aircraft engine corporation to recover damages arising from an alleged engine failure that allegedly caused a plane crash. The plaintiffs filed their complaint on November 22, 1988, four days prior to the expiration of the applicable statute of limitations. In their complaint, the plaintiffs identified the defendant as "Teledyne, Inc. Continental Motors Division" ("Teledyne, Inc.,"), whereas the corporation that actually rebuilt the plane engine was "Teledyne Continental Motors Aircraft Products, a Division of Teledyne Industries, Inc." (TCM). The plaintiffs mailed a copy of the complaint and summons to the defendant, "Teledyne, Inc.," which timely filed an answer, alleging numerous defenses, including lack of personal jurisdiction, lack of proper service, and expiration of the applicable statute of limitations. 899 F.2d at 1300. A few weeks later,

> counsel for plaintiffs and Teledyne, Inc. attended a conference with a magistrate at which scheduling of discovery and motions

---

**3.** Since the plaintiffs-appellees did not argue that there was proper service of process and maintained only that the defendant had waived its defense, 768 F.2d at 1286, the court of appeals reached the merits of the defendant's defense of personal jurisdiction. Accordingly, the court vacated the judgment, and remanded the case with the instruction to the district court to dismiss the complaint.

**4.** The Court does not mean to suggest that the burden(s) to resolve defects in the service of process ultimately lie with either the Court or the Defendant. Rule 4 assigns the burden of effecting service of process upon the plaintiff, yet relies on the defendant or the court to timely raise defects in service of process so that the

plaintiff can perfect service, if necessary (as the provisions of Rule 8 and Rule 12(h)(1) further indicate). A more prudent response by Plaintiff's counsel upon receipt of Defendant's answer may have enabled defects in service of process to be cured, especially since "the Federal Rules do not contemplate that a party may simply ignore pleadings it receives." *Sanderford v. Prudential Ins. Co. of America,* 902 F.2d 897, 900 (11th Cir.1990). It is important to bear in mind, however, that Plaintiff's obligations are different than and independent from Defendant's, and the issue of whether Plaintiff properly effected service of process is distinct from the issue of whether the Defendant has waived its defense of insufficient service of process.

was discussed. No mention was made at the conference that TCM was in fact a division of Teledyne Industries, Inc. rather than Teledyne, Inc. or that either corporation had not received proper service of the complaint. *Id.* On April 21, 1989, more than 120 days after the complaint was filed, Teledyne, Inc., "moved to dismiss on the grounds of lack of personal jurisdiction, lack of proper service, and statute of limitations." *Id.* Finding that the defendant, Teledyne, Inc., had properly asserted the defense of lack of proper service in its answer, the district court held that the defendant had not been properly served, upheld the statute of limitations defense, and accordingly, granted the motion and entered judgment for the defendant.

The court of appeals held that the defendant had waived the defense of proper service of process, reversed the judgment, and allowed the plaintiffs to amend the complaint to designate the proper defendant, Teledyne Industries, Inc. The court concluded that the defendant had waived the defense of proper service of process through its conduct, namely by participating in the scheduling conference before the magistrate judge and declining to raise its objection to the plaintiffs' insufficient service of process. The court of appeals explained:

> As we hold, *infra*, the limitations period on the wrongful death claims had not yet run at the time of this conference and it would have been simple for plaintiffs to have made personal service on the defendant if the point had been mentioned.... We would be slower to find waiver by a defendant wishing to contest whether it was obliged to defend in a distant court. But here amenability of Teledyne Industries,

Inc. to the jurisdiction of the Western District is clear, and defendant is complaining only about a defect in the form of service, one that could have been readily cured during the limitations period if defendant had promptly complained.

*Id.* at 1303. *See also, Mattive v. Allstate Ins. Co.,* 1994 WL 676723 (S.D.Ga.1994) (finding that the defendant had waived its defense of insufficient service of process, asserted in its answer, by failing to reiterate its defense at the scheduling conference). *But see, Clark v. City of Zebulon,* 156 F.R.D. 684, 693–94 (N.D.Ga.1993) (holding that the defendant did not waive its defense of insufficient service of process, asserted in both its answer and amended answer, despite participating in discovery and participating fully with other parties in drafting joint statements to be filed with the court).[5]

■ The Court finds the Second Circuit's reasoning in *Datskow* compelling in this case. A defendant's objection to the form or method of service of process can meaningfully be distinguished from a defense of personal jurisdiction based upon insufficient contacts in the forum state. Notwithstanding that distinction, and mindful of the literal terms of Rules 4(m) and 12(h)(1), the Court expressly cautions that finding waiver of a service of process defense should be reserved for exceptional cases in which a defendant's conduct is inexcusable in comparison to the manifest injustice that would be visited on a plaintiff. *See, Wilson v. Kuwahara Co., Ltd.,* 717 F.Supp. 525, 527–28 (W.D.Mich.1989).

■ Although Rule 12(h)(1) does not sanction a defendant's failure to reiterate its defense of insufficient service of process at an

---

5. In support of its argument that it has not waived its defense of insufficient service of process through its conduct, Defendant has principally cited *Clark, supra,* and *Flory v. United States,* 79 F.3d 24 (5th Cir.1996). In *Flory,* the plaintiff sued under the Federal Tort Claims Act ("FTCA"), and failed to serve process on the Attorney General, as required under Fed.R.Civ.P. 4(i)(1)(B). The government asserted the defense of insufficient service of process in its answer, and moved for summary judgment on the merits. After the district court denied that motion, the government moved for dismissal on its jurisdictional defense. The Court of Appeals for the

Fifth Circuit specially analyzed whether the government had waived the defense of insufficient service of process in light of the exception to sovereign immunity created by the FTCA. Observing that it is prohibited from expanding or narrowing the waiver of sovereign immunity, the court held that the government had preserved its defense of insufficient service of process by asserting it in its answer and did not waive it under Rule 12(h)(1). 79 F.3d at 25–26. Because the element of sovereign immunity weighs heavily in the Fifth Circuit's decision, the Court finds that authority legally inapposite.

initial scheduling conference, Rule 26(f) directs the parties "meet to discuss the nature and basis of their claims and defenses." Indeed, the Court ordered lead counsel for the parties in this case to be prepared at the scheduling conference to "*discuss in detail* the nature of the case and any factor which should limit discovery or cause it to be extended." Order of Jan. 11, 1995 (emphasis added). At the conference, held May 31, 1996, lead counsel for Defendant Swift chose not to discuss its objection to the method and insufficiency of service of process. After its motion for protective order was resolved, Swift engaged in discovery on the merits. Under the Second Circuit's authority in *Datskow,* Swift waived its defense of service of process by neglecting to assert it seasonably in a motion to dismiss. Specifically, the Court finds that Swift waived its defense of insufficient service of process by filing its third joint motion to extend discovery on January 22, 1997—almost one month prior to the expiration of the statute of limitations on Rentz's claims. Had Swift challenged the basis for personal jurisdiction by motion, Rentz would have had ample opportunity to cure any defect in service of process, even at that late date. The Court holds that Swift's delay in asserting its service of process defense by motion is inequitable, on balance with the injustice to Rentz by dismissing his suit after his claims would be barred by the statute of limitations, and thereby justifies the finding that Swift has waived its defense.

## IV CONCLUSION

For the reasons set forth above, the Court **ORDERS AND ADJUDGES** that Defendant's Motion for Summary Judgment (Doc. No. 34) should be, and hereby is, **DENIED.**

The Court further **ORDERS AND ADJUDGES** that Defendant's Motion to Dismiss Plaintiff's Complaint and Quash Plaintiff's Attempted Service of Process (Doc. No. 64) is **DENIED,** insofar as it seeks dismissal of Plaintiff's complaint, and **GRANTED,** insofar as it seeks to quash Plaintiff's attempted service of process.

By separate order, the Court will direct the parties to amend their proposed scheduling and discovery order, pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure.