**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-1032**

———————

MID SOUTH CARBON CORPORATION,

        Plaintiff - Appellant,

    v.

TRICAMP CAPITAL, LLC,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:14-cv-26023)

———————

Submitted:  July 29, 2015      Decided:  September 10, 2015

———————

Before KEENAN and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert W. Bright, Middleport, Ohio, for Appellant.  Nathan I. Brown, Randall L. Saunders, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Huntington, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mid South Carbon Corporation ("MSCC") appeals the district court's order dismissing MSCC's case pursuant to Fed. R. Civ. P. 12(b)(4) for insufficient process. The district court dismissed MSCC's action because MSCC failed to attach a civil case information statement ("CCIS") to MSCC's initial state court pleading, as required by state law, and did not correct this deficiency before TriCamp Capital, LLC ("TriCamp") removed the proceeding to federal court pursuant to 28 U.S.C. §§ 1441, 1446 (2012). TriCamp has moved to dismiss MSCC's appeal, arguing that, pursuant to Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993), because the district court dismissed MSCC's action without prejudice, the decision was not final or otherwise appealable. We deny TriCamp's motion to dismiss, but affirm the district court's dismissal of MSCC's action.

I

We turn first to the motion to dismiss. We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). When a district court dismisses an action without prejudice, we "examine . . . the specific facts of the

case in order to guard against piecemeal litigation and repetitive appeals." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 345 (4th Cir. 2005) (internal quotation marks omitted).

"Dismissals without prejudice are generally not appealable final orders." In re GNC Corp., ___ F.3d ___, ___, No. 14-1724, 2015 WL 3798174, at *3 n.3 (4th Cir. June 19, 2015). However, when it is "clear that amendment of the complaint could not cure its defects" or when the plaintiff "elects to stand on the complaint presented to the district court," the district court's dismissal without prejudice is an appealable final order. Chao, 415 F.3d at 345. An additional factor we consider is whether the district court dismissed plaintiff's action or just the complaint. See id. ("In Domino Sugar, we noted the difference between an order dismissing an action without prejudice and one dismissing a complaint without prejudice, stating that the latter order is generally not appealable.").

Applying these guideposts, we conclude that the order of dismissal is final and appealable. First, the district court dismissed MSCC's action and not just its complaint. Second, at the time of dismissal, MSCC, having filed amended complaints in both state and federal court, had already exhausted all avenues in seeking to cure its complaint. But once TriCamp removed MSCC's case to federal court, MSCC lost the ability to cure the

defect in its pleading because the state court lost jurisdiction over the case. See Ackerman v. ExxonMobil Corp., 734 F.3d 237, 249 (4th Cir. 2013) (recognizing that 28 U.S.C. § 1446(d) "deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken by the state court in the removed case action are void ab initio"). Third, MSCC stands on its dismissed pleading, noting that it would effectively be prevented from litigating a newly-filed complaint in a West Virginia forum because TriCamp has initiated an action in another district regarding the same dispute. See VRCompliance LLC v. HomeAway, Inc., 715 F.3d 570, 574-75 (4th Cir. 2013) (ruling that subsequently-filed action involving same dispute should be stayed, and resolution of issues in first action will have preclusive effect on subsequently-filed action). Accordingly, the district court's order is a final one and we have jurisdiction to hear MSCC's appeal.

II

In reviewing the district court's dismissal, the crux of the issue is whether MSCC's initial state court pleading, which did not include a CCIS, constituted a "complaint" sufficient to commence a valid civil action. "[A] federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to

4

federal court." Winkels v. George A. Hormel & Co., 874 F.2d 567, 570 (8th Cir. 1989). Thus "[a] federal court may consider the sufficiency of process after removal and does so by looking to the state law governing the process." Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 n.1 (11th Cir. 1985) (per curiam).

Under West Virginia law, "[a] civil action is commenced by filing a complaint." W. Va. R. Civ. P. 3(a). "Every complaint shall be accompanied by a completed civil case information statement in the form prescribed by the Supreme Court of Appeals." W. Va. R. Civ. P. 3(b). Under West Virginia law, a court clerk is without authority to file a complaint that is not accompanied by a CCIS. Cable v. Hatfield, 505 S.E.2d 701, 709 (W. Va. 1998). Accordingly, by not including a CCIS with its initial state court pleading, MSCC failed to submit the necessary papers to commence a valid action in accordance with the West Virginia Rules of Civil Procedure. See id.

MSCC advances three arguments to support its claim that the district court should have deemed the initial state court pleading sufficient to permit MSCC to proceed with its claims. First, MSCC argues that a West Virginia court would not rely on Cable to conclude that MSCC did not initiate a valid action because, unlike in Cable, the state court clerk in this case

5

filed MSCC's submission. We disagree. Under West Virginia law, when a state court clerk errs in applying the Rules of Civil Procedure, the error "amount[s] to an amendment to the Rules" and is an error with a constitutional dimension because a court clerk lacks the authority to amend the Rules. See Plum v. Camden-Clark Found., Inc., 496 S.E.2d 179, 181 n.2 (W. Va. 1997) (per curiam). Therefore, a West Virginia court presented with the dilemma posed by the clerk's improper filing of MSCC's submission would correct the clerk's error by nullifying the clerk's action and deem MSCC's case void ab initio.

Second, MSCC argues that this case is analogous to Wright v. Myers, 597 S.E.2d 295 (W. Va. 2004), where W. Va. R. Civ. P. 60(a) was applied to permit the correction of a clerical error by a state court clerk when date-stamping a complaint. Under Rule 60(a), "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." For purposes of Rule 60(a), "clerical error" is defined as:

> An error committed in the performance of clerical work, no matter by whom committed; more specifically, a mistake in copying or writing; a mistake which naturally excludes any idea that its insertion was made in the exercise of any judgment or discretion, or in pursuance of any determination; an error made by a

6

> clerk in transcribing, or otherwise, which must be apparent on the face of the record, and capable of being corrected by reference to the record only.

Barber v. Barber, 464 S.E.2d 358, 362-63 (W. Va. 1995) (brackets and internal quotation marks omitted).

Here, two errors occurred in the state court—MSCC's failure to file the CCIS and the state court clerk's filing of MSCC's pleading. The error committed by MSCC's attorney occurred in the performance of legal, rather than clerical work. The clerk's error was also not clerical in nature because it did not involve any copying, writing, or transcribing. Instead, the error possessed a constitutional dimension because it involved an improper application of the West Virginia Rules of Civil Procedure. See Plum, 496 S.E.2d at 181 n.2 (treating clerk's error with respect to filing complaint as an amendment to the Rules of Civil Procedure and a constitutional error). Even assuming that the clerk's error was clerical, correction of this error would entail striking MSCC's pleading, which would have the same effect as the district court's determination that MSCC did not file a valid action in state court. Accordingly, MSCC cannot gain meaningful relief pursuant to Wright or W. Va. R. Civ. P. 60(a).

Third, MSCC relies on Hoover v. W. Va. Bd. of Med., 602 S.E.2d 466 (W. Va. 2004), for the proposition that a West

7

Virginia court would remand MSCC's complaint to the state trial court and permit MSCC to amend its complaint to include the CCIS, allowing the amendment to relate back to the date MSCC filed its initial pleading. We conclude that MSCC's reliance on Hoover is misplaced. Hoover involved an administrative agency proceeding and the failure of members of the West Virginia Board of Medicine to comply with statutorily created requirements when signing a complaint against Hoover and is therefore not comparable to this case. Id. at 468, 473.

Further, even if an amendment to the complaint in state court could cure the defect in MSCC's complaint, MSCC has no presently-available means for remanding this case to state court and did not raise this argument below when MSCC moved for remand within the 30-day time limit to move for remand under 28 U.S.C. § 1447(c) (2012).

Accordingly, even though we have jurisdiction to hear MSCC's appeal and therefore deny TriCamp's motion to dismiss, we conclude that the district court properly held that MSCC failed to commence a valid action and that the deficiency in MSCC's action cannot be cured.* Therefore, we affirm the district

---

* We further deny MSCC's motion to file an addendum to its reply brief because the addendum consists of a document and an affidavit not contained in the district court record. See Fed. R. App. P. 10(a) (providing that record on appeal consists only (Continued)

8

court's order dismissing MSCC's action.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

---

of certified copy of docket, transcripts of any proceedings, and original papers and exhibits filed in district court).