[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11420
Non-Argument Calendar
_____

D.C. Docket No. 7:11-cv-00138-HL

MARCUS S. BALLEW,
PAMELA E. BALLEW,

Plaintiffs-Appellants,

versus

ROUNDPOINT MORTGAGE SERVICING CORPORATION,
RANDOM PROPERTIES ACQUISITION CORPORATION III,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 26, 2012)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Marcus and Pamela Ballew appeal pro se the dismissal without prejudice of their complaint against Roundpoint Mortgage Serving Corporation and Random Properties Acquisition Corporation III. The Ballews filed their complaint in a Georgia court to enjoin a foreclosure sale of their home, and Roundpoint and Random Properties removed the action to the district court. In the notice of removal, the companies "contest[ed] that any valid process ha[d] issued or that any service of process ha[d] been achieved on either of them." After the companies moved to dismiss the action, the Ballews moved to remand the action on the grounds that the amount in controversy did not exceed $75,000. The district court denied the Ballews' motion to remand as moot and dismissed their complaint without prejudice for failure to perfect service of process. Fed. R. Civ. P. 4(m). We affirm.

The Ballews argue that the district court should have examined its subject-matter jurisdiction before adjudicating an issue of personal jurisdiction, but this argument fails. In Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587–88, 119 S. Ct. 1563, 1571–72 (1999), the Supreme Court upheld a decision by a district court to dismiss an action for lack of personal jurisdiction without ruling on a motion to remand to state court for lack of subject-matter jurisdiction. The Court

2

held that when "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." Id. at 588, 119 S. Ct. at 1572.

The district court did not abuse its discretion by disposing of the Ballews' complaint based on the issue of personal jurisdiction. Valid service is a prerequisite for a federal court to assert personal jurisdiction over a defendant, see Emp'rs Reins. Corp. v. Bryant, 299 U.S. 374, 381, 57 S. Ct. 273, 277–78 (1937); Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1287 (11th Cir. 1985), and the Ballews failed to perfect service of process on Roundpoint or Random Properties. The Ballews admitted that they had not served Roundpoint or Random Properties in the state court, and the Ballews failed to timely serve the companies after the action was removed to the district court, see 28 U.S.C. § 1448, or to establish good cause for their failure to serve the companies, see Fed. R. Civ. P. 4(m).

The district court would have been required to make a more "arduous inquiry," Ruhrgas, 526 U.S. at 587, 119 S. Ct. at 1572, to determine its subject-matter jurisdiction. Because the Ballews sought injunctive relief, "the amount in

3

controversy [was] measured by the value of the object of the litigation," that is, "the property's undisputed fair market value." Occidental Chem. Corp. v. Bullard, 995 F.2d 1046, 1047 (11th Cir. 1993). Although the Ballews had attached to their complaint a letter stating that they had an outstanding balance of $43,515.58 on their mortgage, and Roundpoint and Random Properties had attached to the notice of removal a note and security deed to prove that their security interest was worth $180,000, neither attachment clearly established the value of the property. See id. ("'[I]t is the value of the property rather than the claim of the contending parties which fixes the amount in controversy for purposes of jurisdiction.'" (quoting Peterson v. Sucro, 93 F.2d 878, 882 (4th Cir. 1938)).

The dismissal of the Ballews' complaint is **AFFIRMED**.