[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15768
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02101-VMC-TGW


MARK BRIVIK,

Plaintiff - Appellant,

versus

CLAUDIA LAW,
Officer,
JOHN MURRAY,
STEVE MURRAY,
JOSEPH RUSSO,
RICHARD ZIMMERMAN,
RONALD CARR,
ANDRE PANET-RAYMOND,
ABRAHAM SMAJOVITS,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 16, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Mark Brivik appeals the district court's order granting Officer Claudia Law's motion to dismiss for failure to state a claim, as well as the court's order dismissing Brivik's claims against Steve Murray, Richard Zimmerman, and Ronald Carr (collectively, the co-investors).[1]  After careful review, we affirm.[2]

## I.    BACKGROUND

Brivik and his co-investors bought real estate to develop.  According to Brivik, the co-investors wanted to back out of the deal because of the economic downturn, so they concocted false accusations against Brivik, namely that he had misrepresented the existence of an option to purchase a parcel of property adjacent to the development when he really only possessed a right of first refusal.  The co-investors met with Officer Claudia Law of the Florida Department of Law Enforcement, who he alleged performed a reckless investigation based on the false information the co-investors provided.  This investigation led to Brivik's arrest on felony charges.  He spent 24 days in jail.  The charges were later dismissed when the State Attorney's Office declined to prosecute.

Brivik filed suit under 42 U.S.C. § 1983 against Officer Law and the co-investors, alleging they violated his Fourth Amendment rights by falsely arresting

---

[1] The other defendants listed in the caption are not a part of this appeal.

[2] Brivik's attorney's motion to withdraw as counsel is GRANTED.

and maliciously prosecuting him.  He also alleged state-law claims of false arrest and malicious prosecution.  Officer Law moved to dismiss the claims against her based on qualified and state-law immunity, and the district court granted the motion.  Brivik then moved for leave to amend his complaint against Officer Law, but the district court denied the motion, concluding that amendment would be futile.

Brivik subsequently filed an amended complaint naming only the co-investors, which the district court dismissed for failure to state a claim, reasoning that the co-investors were not state actors and therefore could not be liable under § 1983.  The district court then declined to exercise supplemental jurisdiction over Brivik's state-law claims.

This is Brivik's appeal.  We first consider the dismissal of the claims against Officer Law and then analyze the dismissal of the claims against the co-investors.

## II.    CLAIMS AGAINST OFFICER LAW

### A.    *QUALIFIED AND STATE-LAW IMMUNITY*

Brivik first contends that the district court improperly dismissed his claims against Officer Law.  He asserts that Officer Law was not entitled to qualified immunity because she lacked arguable probable cause to justify Brivik's arrest. "We review a district court's grant of a motion to dismiss based on qualified immunity *de novo* and accept well-pleaded allegations as true, construing facts in

the light most favorable to the plaintiff[]."[3] *Collier v. Dickinson*, 477 F.3d 1306, 1308 (11th Cir. 2007). We may also consider documents attached to the motion to dismiss that are "(1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). To be immune from § 1983 false-arrest and malicious-prosecution claims, an officer need only demonstrate that she acted with arguable probable cause. *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest [the] Plaintiff." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) (internal quotation marks omitted).

Upon reviewing the complaint and Officer Law's arrest affidavit attached to her motion to dismiss, we hold that the district court properly granted Officer Law's motion to dismiss. Brivik alleged Officer Law performed a reckless investigation that ultimately led to his wrongful arrest and incarceration. But this conclusory allegation is insufficient to demonstrate that Officer Law lacked arguable probable cause, particularly in light of Officer Law's affidavit in support of Brivik's arrest warrant, which she attached to her motion to dismiss. *See*

---

[3] Steve Murray's motion to strike the portions of Brivik's brief that cite to evidence not considered below is DENIED. But because the district court disposed of all of Brivik's claims at the motion to dismiss stage, we consider only the pleadings and Officer Law's arrest affidavit, which is both central to Brivik's claims and referenced in his complaint. *See Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("[W]hen the exhibits [attached to a pleading] contradict the general and conclusory allegations of the pleading, the exhibits govern.").  Although the Fourth Amendment "prohibits a police officer from knowingly making false statements in an arrest affidavit about the probable cause for an arrest," *Holmes v. Kucynda*, 321 F.3d 1069, 1084 (11th Cir. 2003) (internal quotation marks omitted), Brivik pleaded no facts indicating that Officer Law knew statements in the affidavit she filed to procure Brivik's arrest were false.  Indeed, the affidavit reveals that Officer Law conducted an independent investigation and based her decision to pursue Brivik's arrest on sworn statements from the co-investors indicating that Brivik falsely represented he had an option to purchase a piece of property they deemed critical to the investment's success.  She also consulted with an attorney familiar with securities law who indicated that, in his opinion, the investment Brivik offered the co-investors qualified as a security under Florida law that was required to be registered.  And Officer Law's investigation revealed Brivik had not registered it.  From this evidence, a reasonable officer could have concluded that Brivik violated Fla. Stat. § 517.07(1), which makes it unlawful "for any person to sell or offer to sell a security . . . unless the security is exempt . . . or is registered."

5

Hence, Officer Law had arguable probable cause to arrest Brivik, and the district court properly granted her motion to dismiss the § 1983 claims on qualified immunity grounds.  *See Montoute*, 114 F.3d at 184.

Brivik further argues that the district court improperly concluded that Officer Law was immune under Florida law.  But in Florida, police officers are immune from suit unless they "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  Fla. Stat. § 768.28(9)(a).  Brivik's allegation that Officer Law acted maliciously and in bad faith is conclusory and therefore insufficient to survive a motion to dismiss.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## B.    *MOTION FOR LEAVE TO AMEND THE COMPLAINT*

Brivik also contends that the district court improperly denied his motion for leave to amend his allegations against Officer Law.  Generally, we review *de novo* the district court's denial of a motion to amend as futile.  *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264 (11th Cir. 2011).  We do not have occasion to consider whether Brivik's amendment would be futile, however, because he did not move for leave to amend until *after* the district court granted Officer Law's motion to dismiss and *after* the deadline to do so in the

6

district court's scheduling order.  And he has not argued, either in this court or before the district court, that he had good cause for his failure to move for leave to amend earlier.  *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) ("A plaintiff seeking leave to amend [his] complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b).").  That is especially problematic because he was on notice of the deficiencies in his complaint *before* the deadline expired as a result of Officer Law's motion to dismiss.  Crucially, Brivik offers no explanation as to why the newly-pleaded facts were unavailable to him prior to the scheduling-order deadline.  *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (noting that the "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension" (internal quotation marks omitted)).  The district court therefore properly denied Brivik's motion for leave to amend.

## III.    CLAIMS AGAINST THE CO-INVESTORS

Brivik next contends that the district court erred in dismissing his § 1983 claims against the co-investors.  Brivik's amended complaint against the co-investors alleged that they "engaged in joint action" and "in a reckless campaign" to arrest and prosecute Brivik.  Brivik also alleged, in the alternative, that the co-investors and Law conspired, acted in concert, or reached an understanding to

7

generate false accusations against Brivik. The district court dismissed the complaint against the co-investors, concluding that Brivik failed to state a claim upon which relief may be granted because he did not plead facts sufficient to show that the co-investors were state actors. We review this conclusion *de novo*. *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 633 (11th Cir. 2010).

"To obtain relief under § 1983, [the plaintiff] must show that he was deprived of a federal right by a person acting under color of state law." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). Private parties are only rarely deemed to be state actors under § 1983, and we will find that a private party is a state actor only if one of three conditions is met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution . . . ; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State . . . ; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise . . . .

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (alterations and internal quotation marks omitted). Brivik concedes that only the third circumstance might be implicated in this case. To establish that a private party is a state actor in this scenario, "the governmental body and private party must be intertwined in a symbiotic relationship [that] involve[s] the specific conduct of which the plaintiff complains." *Focus on the Family v. Pinellas*

8

*Suncoast Transit Auth.*, 344 F.3d 1263, 1278 (11th Cir. 2003) (internal quotation marks omitted).

On appeal, Brivik contends that he sufficiently pleaded joint action. But he points to nothing in his complaint to indicate that the co-investors and Officer Law acted together to falsify facts leading to Brivik's arrest. Rather, he argues only that the co-investors "knowingly and deliberately falsified information during their meetings with Claudia Law." This is insufficient to show that the co-investors were state actors under § 1983. *See id.*; *see also Nat'l Broad. Co., Inc. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1025 n.4 (11th Cir. 1988) ("[P]rivate conduct is fairly attributable [to the State] only when the state has had some *affirmative role* . . . in the particular conduct underlying a claimant's civil rights grievance." (emphasis added) (internal quotation marks omitted)). Hence, the district court properly dismissed Brivik's claims against the co-investors.[4]

## IV.    CONCLUSION

For the above reasons, we find no error in the district court's dismissal of Brivik's claims against both Officer Law and the co-investors. The judgment of the district court is

---

[4] Brivik does not argue that, if the district court properly dismissed his § 1983 claims, it abused its discretion by declining to exercise supplemental jurisdiction over his state-law claims. He has therefore abandoned this argument. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."); *see also* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over state-law claims where it has "dismissed all claims over which it has original jurisdiction").

**AFFIRMED.**