**Richard L. COFFEY, et al., Plaintiffs,**

v.

**NATIONSTAR MORTGAGE, LLC, et al., Defendants.**

**Case No. 13–14429–CIV.**

United States District Court, S.D. Florida, Fort Pierce Division.

Feb. 3, 2014.

Kelsay Dayon Patterson, Tampa, FL, for Plaintiffs.

Pamela B. Coffey, Jupiter, FL, pro se.

Victor Robert Berwin, Akerman Senterfitt, West Palm Beach, FL, for Defendants.

## ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand [D.E. 4] and Defendants Nationstar and FNMA's Motion to Dismiss Amended Verified Complaint [D.E. 3].

**THE COURT** has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons that follow, Plaintiff's motion to remand [D.E. 4] is denied and Defendants' motion to dismiss is granted [D.E. 3].

## I. BACKGROUND

On or about October 2, 2013, pro se Plaintiffs Richard L Coffey and Pamela B. Coffey ("Plaintiffs" or the "Coffeys") filed their amended complaint in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida alleging an action for quiet title to property located in Ft. Pierce, Florida. Defendant Nationstar was served with a copy of the summons and complaint on October 8, 2013. Defendant FNMA was served on October 11, 2013. On November 7, 2013, Defendants filed their timely notice of removal [D.E. 1]. Plaintiffs, who are now represented by counsel, filed the instant motion moving this Court for an order remanding this action for lack jurisdiction. Plaintiffs argue that there is no federal question and that because they are not seeking a dollar amount as part of their quiet title action, the amount of damages as alleged does not meet the $75,000 threshold. Defendants respond that removal is not based on the existence of a federal question and that the factual allegations in the notice of removal regarding the amount of controversy are not addressed nor properly challenged by Plaintiffs' motion [D.E. 5].

Additionally, Defendants move to dismiss Plaintiffs' pro se Amended Complaint for failure to state a claim [D.E. 3]. Plaintiffs' respond acknowledging the deficiency of their pleading stating "the existing version of the Plaintiffs Amended Complaint falls well short of the 'short and plain statement of grounds' rule as per FRCP8." [D.E. 8, ¶ 6]. Plaintiffs seek leave to file a second amended complaint where they contend "[t]he cloud on Plaintiffs' title could be more clearly, plainly, and succinctly alleged." *Id.*

## II. LAW & DISCUSSION

### A. Removal Generally

■ "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). According to 28 U.S.C. § 1332(a), "[t]he District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states ..." 28 U.S.C. § 1332(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir.2002). The only disputed jurisdictional issue is the amount in controversy.

### B. The Amount in Controversy

■ While Plaintiffs do not specify the amount of damages they seek in their Complaint, they seek equitable relief in the form of an order quieting title thereby

holding their mortgage released and discharged. The record evidence establishes that the current value of the Coffey's mortgage is $86,000 [D.E. 5–1, 5–2].[1] When the amount of damages is unspecified, the removing Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 947–48 (11th Cir.2000) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356–57 (11th Cir. 1996), *overruled on other grounds*).

■ Defendants contend that the market value of the subject property of this action exceeds $75,000. In support thereof, Defendants provide a true and correct copy of the broker price opinion (BPO), that was attached to the notice of removal, along with the affidavit of Calude Facey, the Florida State certified residential real estate broker who prepared the report, which values the property at $86,000. [see D.E. 5–1 and 5–2]. Here, the amount in controversy is measured by the value of the object of the litigation, "that is, the property's undisputed fair market value." *Ballew v. Roundpoint Mortgage Servicing Corp.*, 491 Fed.Appx. 25, 26 (11th Cir.2012). The Court notes that Plaintiff has not addressed, challenged, or contradicted Defendants' damages calculations through a Reply brief or otherwise. Based on the foregoing, the Court finds that Defendants have established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Plaintiffs' motion to remand is denied.

### C. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dis-

---

1. The Court may also consider documents attached to the motion to dismiss that are "(1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005); *Brivik v. Law*, 545 Fed.Appx. 804, 12–15768, 2013 WL 5630625 (11th Cir. Oct. 16, 2013).

missed if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bracewell v. Nicholson Air Servs., Inc.,* 680 F.2d 103, 104 (11th Cir.1982). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2).

■ Plaintiffs bring a quiet title action with the filing of a pro se amended complaint. However, as conceded, Plaintiffs failed to state a claim in compliance with Rule 8. Specifically, Plaintiffs do not allege facts that would establish that a cloud of title exists with regard to their property. Plaintiffs' complaint therefore is dismissed without prejudice.

## III. CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand [D.E. 4] is **DENIED.** Plaintiffs' request for attorney's fees and costs is also **DENIED.** It is further

**ORDERED AND ADJUDGED** that Defendants Nationstar and FNMA's Motion to Dismiss Amended Verified Complaint [D.E. 3] is **GRANTED.** Plaintiffs' complaint [D.E. 1] is **DISMISSED** without prejudice. Plaintiffs are granted leave to file a second amended complaint within fourteen (14) days of the date of this order. Failure to file a second amended complaint will result in this matter being closed.